INHABITANTS OF GREAT BARRINGTON *vs.* COUNTY COMMIS-
SIONERS.

A list of a tax payer's estate liable to taxation, made and filed in good faith, entitles the
tax payer to be heard upon a question of abatement, although the list contains unin-
tentional omissions and inaccuracies.

A tax payer filed with the assessors a list of his estate liable to taxation, which referred to
his list of the previous year for the descriptions and values of portions of his estate.·
*Held*, that the irregularity not affecting any disputed item, and the assessors having
received the list without objection, such objection came too late when made .by them for
the first time before the county commissioners, upon the tax payer's complaint of the
assessors' refusal to make an abatement.

When county commissioners have jurisdiction upon the complaint of a tax payer, upon the
assessors' refusal to make an abatement upon the amount for which he is taxed, their
findings upon matters of fact are conclusive ; and if they report the evidence upon which
they find the facts, their proceedings will not be set aside if there is any evidence upon
which the findings can be based.

Upon an application by A. to county commissioners for the abatement of a town tax as-
sessed to him upon a cargo afloat at sea, it appeared that he had received a letter of
credit from B. authorizing C., the shipper of the cargo, to draw upon B. for the price of
the cargo, upon forwarding with the draft the invoice and bill of lading filled up to the
order of B. ; that it was understood that the cargo was to be the absolute property of, and
to be disposed of under the direction of B., and that the balance, if any, after the pay-
ment of the draft, was to be paid to A. *Held*, that it did not from this appear that an
abatement of the tax made by the commissioners was illegal.

PETITION of the town of Great Barrington for a writ of *cer-
tiorari* to quash the proceedings of the county commissioners of
the county of Berkshire in abating a portion of the town tax as-
sessed upon David S. Draper.

The petition set forth that the assessors of the town for the
year 1870 assessed David S. Draper, an inhabitant of the town,
$587.02 upon his personal property, valued in the assessors' list
at the sum of $78,269.00 ; that one of the items in the assessors'
list which was included in the sum total was, " Interest in sundry
cargoes or stock in trade, $17,326.00 ;" that before the time fixed
for bringing in lists had expired, Draper presented a list of his
property which did not include this or any similar item ; that he
claimed that if he had any such interest or property it was not
taxable ; that the assessors at the time told him that they con-
sidered it taxable, and requested him to inform them of its
amount and value May 1, and add it to the list which he had

presented; that he said he could not tell its amount, but would ascertain and inform them soon; that the board of assessors received his list in connection with this promise, and one of the board administered to him the required oath; that he never thereafter came before the board, or answered the question put to him in regard to this property as they had requested him, and as he had promised to do; that afterward he handed to one of the assessors, as he met him in the street, a paper which purported to be an account current of the business of James Robinson & Co. importers in the city of New York, for a period ending January 1, 1870, but which did not give any statement of their business between January 1 and May 1; that this paper had no tendency to give the assessors the amount and value of his property thus invested May 1, 1870, and which he had promised them he would do; that the petitioners had not this paper, as it had been handed back to him at his request; that after he had neglected and refused to give the board of assessors any information of the amount and value of his property thus invested May 1, and had neglected and refused to answer the question concerning it, they fixed the amount and value of his property so invested according to the best information they could get, at the sum of $17,326.00, and added that sum to his list, and taxed him for it; that within the time allowed by law he applied to the assessors to abate the tax assessed upon this sum; that they refused to make the abatement; that thereupon he applied to the county commissioners for an abatement; that the petitioners appeared and filed a motion to dismiss, denying the jurisdiction of the commissioners; that the motion to dismiss was overruled, and a hearing had on the petition, and at the hearing it was admitted by Draper that he had, May 1, an interest in a cargo of brimstone, then on board a vessel at the city of New York, and that his interest in the cargo was worth $4600.00; that he also admitted that he had, May 1, an interest in certain cargoes purchased at Messina and then on the way to New York; that it was agreed that his interest in these cargoes was worth $10,000.00. That in connection with this admission he claimed that his interest was not taxable, because the cargoes were purchased with a letter

of credit on Baring Brothers & Co. of London, and the invoices and bills of lading were filled up to the order of Baring Brothers & Co., in accordance with the terms of the letter of credit; that these cargoes were on board of vessels owned by and under the control of Draper alone, or in connection with other persons having a like interest, and were in his or their possession, and were being brought by him or them to New York; that the commissioners granted an abatement of the tax to the amount of $95.65.

The petition then alleged that the commissioners erred in matter of law upon the facts above stated (all of which it alleged were proved or admitted before the commissioners) in refusing to dismiss the petition; and that as the only overtaxation complained of was as to this single item, if it should appear that the assessors overvalued the amount of property in that item, it was caused by his neglect to furnish them a statement of the amount and value of his property so situated, and that therefore the commissioners erred as matter of law in allowing him to take advantage of his own wrong, and in abating any part of the tax on this item; that it was apparent, upon the commissioners' report, that they abated the tax on his interest in cargoes purchased at Messina as above stated, and that this was erroneous and wrong as matter of law.

It appeared from the list of Draper's estate liable to taxation, referred to in the petition, and a copy of which was annexed to it, that various species of property, both real and personal, owned by him, instead of being specifically enumerated and valued, were described simply by the phrases, " As last year," and " Same as last year."

To this petition the respondents filed the following answer:

" The county commissioners . . . . certify the facts as found by them at the hearing to be as follows, to wit: That the assessors of the town of Great Barrington assessed said Draper in the sum of $587.02, as his tax on his personal property as stated in said petition, and that one of the items in said assessment was, ' Interest in sundry cargoes or stock in trade, $17,326.00,' as stated in said petition; that within the time by law allowed the said Draper brought in to said assessors a list of his property.

" It was admitted and proved that said Draper made oath in due form of law to said list before one of the assessors, when he handed in his said list, and that the assessor administering the oath inadvertently omitted to make a certificate thereof.

" At the time of giving in his list, the assessors interrogated him as to having property in the form of cargoes at sea, May 1, 1870, and he fairly answered all questions so put to the best of his knowledge and belief. That said Draper claimed and informed the assessors that his interest in cargoes at sea, May 1, 1870, was conditional and uncertain, and that he did not consider himself taxable therefor; and that it was impossible then to say what or how much his interest might prove to be, if anything; and as affording some means of information, the assessors requested him to hand them an account of certain cargoes of a similar character to January 1 preceding, and the said Draper complied with said request by handing said account to one of the assessors, who took it before the board of assessors, and it was by them retained as long as they pleased, and then was returned to said Draper without further questions or requests; and without notice of dissatisfaction with the list handed in by said Draper, they added thereto the said item of $17,326.

" The commissioners found as a fact that Mr. Draper neither neglected nor refused to answer any questions put by the assessors truly according to the best of his knowledge and belief.

" At the hearing, Draper admitted he had, May 1, 1870, an interest in a quantity of brimstone in the city of New York, which he claimed, and the commissioners so found, had been unintentionally omitted from his list as given in, and of the value of $4600.

" The commissioners found as a fact that the sum of $17,326, added to Draper's list, was intended by the assessors to cover the amount of taxable property which they supposed said Draper had in the form of cargoes of fruit on May 1, then, as well as at the time of receiving said list, afloat at sea from foreign ports to this country. And upon the evidence as to this description of property the commissioners find the facts as follows: That said Draper and others received of Baring Brothers & Co. of London

a letter of credit authorizing one A. B. of Messina, named therein, to draw on them to a given amount for the cost of shipments of merchandise on vessels for New York or Boston, if accompanied by invoices and bills of lading of such shipments, filled up to the order of Baring Brothers & Co., it being understood that the property in said cargoes should be and remain the absolute property of Baring Brothers & Co., and be disposed of under their directions, and that from the proceeds they should retain the amounts drawn upon them under said letter of credit, with which said cargoes were purchased, and the balance if any, when ascertained, to be paid to Draper and his associates.

" Upon these facts the commissioners declined to dismiss the petition of said Draper for an abatement, and abated the tax assessed to him to the amount of $95.65, being the tax on the sum of $12,761.69; the tax on the balance of said sum of $17,326, being the value of the brimstone inadvertently omitted in the list of said Draper, was not abated."

Draper, who was summoned in to show cause why the writ of *certiorari* should not issue, relied upon the answer of the county commissioners.

The case was reserved by *Ames*, J., for the consideration of the full court, upon the petition and answer. If upon the facts found by the commissioners, and stated in their answer, the abatement of which the petitioners complain was legally made by the commissioners, then the petition was to be dismissed, unless the court should be of opinion that it was open to the petitioners to controvert those facts in this proceeding, or to change their effect by proving any of the other facts alleged in their petition ; in that case such direction was to be given that the petitioners might have opportunity so to do.

The case was argued in writing by

*B. Palmer*, for the petitioners.

*M. Wilcox & J. Dewey, Jr.*, for the respondents.

COLT, J. The tax payer " filed with the assessors a list subscribed by him of his estate liable to taxation," and made oath as required by Statute. Gen. Sts. c. 11, § 46. The assessors were **not** bound to receive the list as true, if he neglected to answer on

oath the inquiries which were put to him, for the list is not conclusive as to property not embraced in it which may be disclosed upon such inquiries. *Hall* v. *County Commissioners*, 10 Allen, 100.

The list proved to be inaccurate by reason of the omission of some personal property which was afterwards admitted to be taxable. But the right to an abatement is not defeated by mere inaccuracy in the list filed, for then one who was once taxed could have no relief if any one item had been omitted which was ultimately held taxable, however doubtful the question might have been originally, and although honestly omitted from a belief that it was not taxable. The condition imposed by the statute is merely that a list shall be filed, with the signature and oath of the tax payer, " that it is full and accurate, according to his best knowledge and belief ; " such a list, made and filed in good faith, entitles the party to be heard upon his application for an abatement.

The imperfect descriptions in the list, by reference to the list of the previous year, might have justified the assessors in rejecting it at the time. But as it was received without objection made to these irregularities, and as they do not affect the questions arising upon the abatement asked, it is too late to make that objection for the first time, after this complaint is made to the county commissioners. The list was properly treated as a substantial compliance with the statute. It is not like *Winnisimmet Co.* v. *Chelsea*, 6 Cush. 477, for there was in that case an entire neglect to comply with the statute, while here its provisions were met in all essential particulars. *Charlestown* v. *County Commissioners*, 101 Mass. 87.

It was found by the commissioners that there was no refusal on the part of the tax payer to answer under oath concerning the nature and amount of his property. But if it had proved otherwise there would have been no forfeiture involved in it of the right to an abatement of an illegal tax. Gen. Sts. *c*. 11, § 25.

The commissioners had full jurisdiction of the petitioners' application for an abatement, and did abate so much of the tax as was

assessed on his interest in sundry cargoes at sea. Their action cannot be revised in this proceeding, if it was competent for them to find as a fact that these cargoes were not taxable as the property of the tax payer.

As a general rule the findings of the commissioners upon matters of fact will not be reviewed on *certiorari*. Where all the evidence is reported, the inquiry is whether it will justify the finding as a legitimate inference, not whether the finding is against the weight of evidence. It is enough that there is some evidence to justify it. *Gibbs* v. *County Commissioners*, 19 Pick. 298. *Nightingale, petitioner*, 11 Pick. 168. *Farmington River Water Power Co.* v. *County Commissioners, ante*, 206.

Upon the allegations in this petition, and the facts stated in the answer as found by them, we cannot say that the abatement of which the petitioners complain was not legally made upon evidence before them. Nor is it open to the petitioners now to controvert the facts found, or change their effect by proving any of the other facts alleged by them. They have had day in a court of competent jurisdiction, and cannot reverse its decision except for error in law.         *Petition dismissed, with costs.*