JOSEPH B. MOORS *vs.* STREET COMMISSIONERS OF BOSTON.

Suffolk.   Jan. 10. — March 5, 1883.   FIELD & W. ALLEN, JJ., absent.

Under the Gen. Sts. *c.* 11, § 25, after a person has seasonably filed a schedule pur-
porting to be a true list of all his property liable to taxation, and has made
oath to the same, the assessors have no right to add to such list other property
for which they consider him taxable, and assess him thereon, without making
any inquiries of him in relation thereto.

DEVENS, J.   The petitioner, who brings this writ of certiorari
for the purpose of revising the judgment of the street commis-
sioners of Boston acting as county commissioners, in refusing to
abate a tax laid by the assessors of Boston upon his property,
had seasonably filed a schedule purporting to be a true list of all
his property liable to taxation, and had made oath to the same.
Whether any inquiries were then made of him does not clearly
appear, but it is agreed that, if such were made, they were fully
answered.   Subsequently the assessors, hearing of two lots of
personal property for which they considered him to be taxable,
(not referred to in any inquiries made by them, if such were
made,) added a description of the same to the schedule filed by
him and assessed him thereon, no inquiries having been made
by them in relation thereto.   We have first to consider, there-
fore, whether the sworn return was conclusive upon the assessors
under these circumstances, and thus whether they were limited
to an assessment of the property returned by the petitioner.

The Rev. Sts. *c.* 7, § 22, were as follows: " The assessors
shall receive, as the true valuation of the property of each indi-
vidual, the list, if any, brought in by him according to the pro-
visions of this chapter, unless he shall, on being thereto required
by the assessors, refuse to make oath that the same is true."
Under this statute, it was held that the word " valuation " was
equivalent to " enumeration " or " statement," and not to " esti-
mate of value; " that the value of his estate as estimated by
the tax-payer was not conclusive upon the assessors, but that the
enumeration, description and specification of his estate was to
be so taken, unless the owner, on being required to make oath,
refused to do so.   He could not, therefore, be lawfully taxed for
more property than he had inserted in his list, unless he refused

to swear that he had no more. *Newburyport* v. *County Commissioners*, 12 Met. 211. *Winnisimmet Co.* v. *Chelsea*, 6 Cush. 477. *Lincoln* v. *Worcester*, 8 Cush. 55.

The Gen. Sts. *c.* 11, § 25, so far altered the law as to provide, referring to the assessors: "They shall receive as true the list brought in by each individual according to the provisions of this chapter, unless, on being thereto required by the assessors, he refuses to answer on oath all necessary inquiries as to the nature and amount of his property." The word "valuation" was thus omitted, and while under the former statute it was held that the return of the tax-payer should be adopted as conclusive, if, upon being required so to do, he made oath to its correctness, under the later statute the assessors were not bound to take his list as true, if by his sworn answers to their inquiries it appeared to be otherwise. The purpose for which inquiries by the assessors were authorized was that they might thereby correct the list, or disregard it if it appeared by an examination of the party that, from a mistake, oversight or otherwise, he had not sworn to a true list of his property. It was not conclusive as to property not included in it, which might be disclosed by such inquiries. *Newburyport* v. *County Commissioners, ubi supra. Hall* v. *County Commissioners*, 10 Allen, 100. *Great Barrington* v. *County Commissioners*, 112 Mass. 218.

A severe penalty was imposed by the St. of 1869, *c.* 190, (Pub. Sts. *c.* 11, § 29,) on any one intentionally making a false return or schedule as and for a true list of his taxable property, and by this list the assessors are bound, except as above stated. They cannot correct this list upon any information, however satisfactory, as to the existence of other taxable property, which is not communicated to the tax-payer. Having furnished them with his list under oath, he is entitled, before he can be assessed upon other property, to have them hear his statements or explanations in regard to it.

In *Charlestown* v. *County Commissioners*, 109 Mass. 270, it was held that the list returned to the assessors was not conclusive on one who, by mistake, included therein property which was exempt by law, and that he might properly apply for an abatement of the tax thereon. The respondents argue that, if such is the case, and if property put into the list can be struck

out, property which is omitted can be inserted therein. But the power of the assessors or commissioners to abate the tax, when it is found that property for which the tax-payer is not liable is included in the assessment, and thus that he is taxed at more than his just proportion, is not limited by the fact that it had been erroneously inserted in his list. On the other hand, the assessors must take the list furnished them as true, unless they make the examination they are entitled by law to make, give to the tax-payer the opportunity intended to be afforded him by inquiry as to the nature and amount of property claimed to be subject to taxation, and then determine that the list should be corrected by the insertion of property erroneously omitted.

As the proceedings of the assessors were erroneous in imposing a tax upon property not included in the list of the petitioner, it is unnecessary to determine whether a tax could properly have been laid upon the merchandise which was the subject of it.

*Certiorari to issue.*

*R. M. Morse, Jr. & H. L. Harding*, for the petitioner.
*T. M. Babson*, for the respondents.