MARY J. WRIGHT *vs.* CITY OF LOWELL.

Middlesex. March 16, 17, 1896. — May 26, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Abatement of Tax — Omission from Tax List of Items of Property — Refusal to answer Inquiries of Assessors — Case stated.*

If a tax list is made and filed in good faith, an omission therefrom of a single item of property, if honestly made, will not defeat the application of the person bringing in such list for an abatement of the tax assessed.

If a sufficient list of property subject to taxation is made and filed, a refusal of the person making it to answer upon oath all necessary inquiries as to the nature and amount of his property, on being thereto required by the assessors, while it may relieve the assessors from receiving his list as true, will not prevent him from applying for and obtaining an abatement of an excessive tax.

APPEAL, under St. 1890, c. 127, from an order of the assessors of the city of Lowell, denying a petition for an abatement of a tax on personal property.

Hearing in the Superior Court, before *Lilley*, J., on an agreed statement of facts, which stipulated that the court might draw such inferences therefrom as a jury would be entitled to draw, and was in substance as follows.

In the year 1894 the assessors of Lowell gave notice to the inhabitants to bring in true lists of their real and personal estates, and, within the proper time, the petitioner, who was a resident of Lowell, brought in, upon a blank form supplied by the assessors for that purpose, a list of her property not exempt from taxation. All the questions of the printed form were answered in writing, and before the list was brought in it was signed by the petitioner. Her property not exempt from taxation, as disclosed by the list, was as follows: "Deposits in trust companies and national banks, etc., $114.86. $12\frac{1}{4}$ shares Missouri Pacific R. R. 1 share West Michigan Lumber Co., par value $25."

In answer to the printed question, "Was personal property other than that enumerated in this schedule held for you on the first day of May by other parties, as trustee or otherwise?" the list contained the following: "Certain personal property is held in trust for myself and others under a written instrument by a trustee residing in Brookline, Mass., the details and nature of said property being unknown to me."

The petitioner delivered the list to one of the assessors, who asked her certain questions relating to the trust property, and who wrote her answer in pencil on the face of the list, as follows: "I know some of the stocks, but don't intend to tell; the income coming to me is $1,600 per year."

The blank form contained no question as to real estate, and no question relating to real estate was asked by the assessor. The petitioner then made oath before the assessor that the statement subscribed by her was true, and the list was filed.

The assessors then made the following valuation of the property of the petitioner:

"Money, income, and all other unspecified personal property . . . . . . . . . . . $25,000
"1 share Michigan Lumber Co. . . . . . 25
"$12\frac{1}{4}$ Missouri Pacific R. . . . . . . . . 375

Total valuation . . . . . . . $25,400"

and assessed a tax of $441.96 on the personal estate of the petitioner. The item of $25,000 was fixed by the assessors by computing approximately what capital would be required to produce an income of $1,600 at six per cent.

The tax assessed upon the petitioner was paid on October 20, 1894, under protest, and on December 21, 1894, she applied to the assessors for an abatement.

At the hearing on the application, the petitioner being absent, her counsel was asked to disclose the trustee of the property mentioned in the petitioner's statement, or the nature of the trust, but he declined so to do. After the hearing, the assessors addressed to the petitioner a letter of inquiry, which she received but did not answer, and they subsequently denied her application. At the time that the petitioner brought in her list she owned a house and lot in Lowell, on which she lived, of which the assessors had a description on their books, and for which she was taxed, but this real estate was not mentioned in her list. The assessors did not provide blanks for the special purpose of making returns of real estate, but when a taxpayer desired to file a list of real estate, a blank intended primarily as an application to the assessors for abatement of taxes was adapted to that purpose, and in their notices the assessors always required taxpayers to include real estate in their lists.

The assessors relied for information relating to real estate wholly upon their own observation, upon inquiry made by them, and upon their own records and the records in the registry of deeds.

The omission to include real estate in the petitioner's list of property was not considered by the assessors in assessing her tax, nor was it the ground upon which they refused her petition for an abatement.

The judge found that the petitioner was entitled to an abatement, and ordered judgment to be entered for her in the sum of $433 ; and the respondent appealed to this court.

*F. W. Qua*, for the respondent.

*H. A. Brown*, for the petitioner.

BARKER, J. Upon an appeal to the Superior Court, under St. 1890, c. 127, from the denial of a petition for the abatement of a tax, facts were agreed in the Superior Court, with the stipu-

lation that the court might draw such inferences therefrom as a jury would be entitled to draw, and the court has found the petitioner entitled to an abatement, and ordered judgment accordingly, and the respondent has in turn appealed to this court.

Power having been given in express terms to draw inferences of fact, the question is whether there was evidence warranting the finding of the Superior Court. *Schwarz* v. *Boston*, 151 Mass. 226. *Old Colony Railroad* v. *Wilder*, 137 Mass. 536, 538, and cases cited.

It is not contended by the respondent that the petitioner was not taxed at more than her just proportion, but the respondent contends that the petitioner has not complied with the provisions of law, and that the judgment of the Superior Court should be for the respondent because the petitioner did not bring in to the assessors her list of property subject to taxation, as required by Pub. Sts. c. 11, § 38, and because she has refused to answer on oath, when required so to do by the assessors, necessary inquiries as to the nature and amount of her property.

1. The assessors gave due notice to the inhabitants to bring in true lists of their real and personal estates, and within the proper time the petitioner brought in, upon a blank form supplied by the assessors for that purpose, a list of her property not exempted from taxation. All the questions of the printed form were answered, and before the list was brought in it was signed by the petitioner. She delivered the list to one of the assessors, who asked her certain questions and who wrote her answers in pencil on the face of the list, and she then made oath before him that the statement subscribed by her was true, and the list was filed. The blank form contained no question as to real estate. She owned a house and lot on which she resided, of which the assessors had a description upon their books, for which she was taxed, and in respect of which no abatement is claimed. This real estate was not mentioned in her list. The omission to include it in her list was not considered by the assessors in assessing her tax, nor was it a ground upon which they refused her petition for an abatement.

Without considering the question whether an inhabitant who brings in a list of personal estate, and intentionally omits to

bring in a list of his real estate, when the assessors' notice requires the inhabitants to bring in lists of their real and personal estates, is by his failure wholly deprived of a right to ask for an abatement, or deprived only of the right to ask for an abatement of his real estate tax, we are of opinion that, upon the agreed facts, it was competent for the Superior Court to find that the petitioner was not deprived, by her omission to mention the house and lot on which she lived in the list of her property not exempted which she bróught in, of the right to have an abatement of her personal property tax. It was held in *Great Barrington* v. *County Commissioners*, 112 Mass. 218, 223, that, the condition imposed by the statute being " merely that a list shall be filed, with the signature and oath of the taxpayer ' that it is full and accurate, according to his best knowledge and belief,' such a list, made and filed in good faith, entitles the party to be heard upon his application for an abatement," although an item of taxable property may have been omitted, if the omission was honestly made.

It was competent for the Superior Court to find, upon the agreed facts, that the list was made and filed in good faith, as a compliance with the requirement of the assessors' notice ; and that the omission of the single piece of property, the failure to include which was for the first time relied on at the hearing in the Superior Court to defeat her application for an abatement, was honestly made. If so, her list entitled her to be heard.

2. If the petitioner filed a sufficient list, as the Superior Court must have found before finding her entitled to an abatement, while a refusal to answer upon oath all necessary inquiries as to the nature and amount of her property on being thereto required by the assessors would relieve them from receiving her list as true, such a refusal would not prevent her from applying for an abatement, nor from obtaining it if she was aggrieved by the tax assessed, and made it appear that she was overrated or taxed at more than her just proportion. Pub. Sts. c. 11, §§ 40, 69–72. The Superior Court could find from the agreed facts that she was not taxable for the item, " Money, income, and all other unspecified personal property, $25,000," and so could find that she was in fact overrated, or taxed at more than her just proportion, and entitled to an abatement.

We therefore need not discuss the questions whether under any circumstances her rights might be prejudiced by her oral answers to questions asked her by the assessor, when, not being under oath, she delivered her list to him, or by the failure of her counsel to disclose, when asked at the hearing before the assessors, the name of her trustee and the nature of the trust, or by her own omission to reply to the letter of inquiry sent to her by the assessors after the hearing.        *Judgment affirmed.*