TROY COTTON AND WOOLEN MANUFACTORY *vs.* CITY OF
FALL RIVER.

Bristol.    November 18, 1896. — February 24, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, & LATHROP, JJ.

*Tax — Abatement — Sufficiency of List — Return — Estoppel — Statute —
Method of Valuation.*

A list filed with the assessors of a city by a corporation owning a yarn and cloth mill, having the machinery commonly found in such a mill, describing under the head of real estate the mill buildings and machinery as "One stone mill and cloth room with water power, 21,744 mule spindles, 21,952 ring frame spindles," if the word "spindles" used in this relation signifies the capacity of the mill and includes all the machinery and appliances necessary to operate the mill, and the meaning of this word is understood by the assessors, who ask for no further or fuller statement, is a sufficient compliance with Pub. Sts. c. 11, § 72.

If a manufacturing corporation, upon a petition for the abatement of a tax assessed to it, can in any event be estopped from contending that the valuation put upon its property is excessive, it can be only where the petitioner has made representations of the value of its property to the assessors, with the intention that they should act on them in making the valuation, and the assessors have been misled thereby.

The machinery intended to be assessed under Pub. Sts. c. 11, § 20, cl. 2, providing that "all machinery employed in any branch of manufactures shall be assessed where such machinery is situated or employed," is not necessarily machinery which has been affixed to land in such a manner as to become a part of the real estate.

Where the whole manufacturing plant of land, buildings, and machinery belonging to one corporation, and locally taxable, are of more value if kept together and used for mill purposes than if the machinery is removed from the buildings, or the buildings with the machinery are removed from the land, each of these items should be valued for taxation as it is used in its connection with the others.

PETITION for the abatement of a tax assessed upon the petitioner's property by the assessors of the respondent city for 1893. Trial in the Superior Court, upon appeal, without a jury, before *Richardson*, J., who, at the request of the parties, reported the case for the determination of this court. The facts appear in the opinion.

*J. F. Jackson*, (*R. P. Borden* with him,) for the petitioner.

*J. W. Cummings*, (*C. R. Cummings* with him,) for the respondent.

FIELD, C. J.   This is a petition for the abatement of a tax assessed upon the petitioner by the assessors of the city of Fall River, for the year 1893.   The petitioner is a Massachusetts corporation, doing business in Fall River, and seasonably filed with the assessors a list of its property liable to taxation, sworn to by its treasurer, and, after the assessment of the tax, it applied to the assessors for an abatement, which was refused, and then it appealed to the Superior Court, pursuant to St. 1890, c. 127.   That court appointed a commissioner, who heard the parties and made his report, whereupon the petition was tried by the court, and, after certain rulings and findings, the presiding justice reported the case to this court.

The respondent contends that the list of property filed with the assessors was not sufficiently full and accurate.   Pub. Sts. c. 11, § 72.   We infer that the notice given by the assessors pursuant to § 38 of that chapter required the inhabitants to include real estate in their lists of property.   In the list presented by the petitioner under the head of " Real Estate," the description of the mill buildings and machinery is as follows: " One stone mill and cloth room with water power, 21,744 mule spindles, 21,952 ring frame spindles."   The mill was a yarn and cloth mill, and had the machinery commonly used in such a mill.   The court, following in this respect substantially the report of the commissioner, found as follows: " I found that the word spindles used in relation to mills or factories signifies more than the pin or rod on which yarn or thread is twisted ; that it is used as a unit of measure or capacity of the mill; that it includes all the machinery and appliances necessary to operate the mill, so that the statement of the number of spindles in the mill fairly signifies to those acquainted with mills and mill property the size and capacity of the mill, although in the case of either a cloth or a yarn mill the number of certain kinds of the machines might vary according to the quality or kind of yarn or cloth produced ; that the meaning of this term was understood by the assessors; that while it is true that, if not accompanied by anything to indicate whether the mill is a cloth or a yarn mill, it does not indicate whether the machinery includes looms or not, the assessors knew that this stone mill was a cloth mill ; that they asked

for no further description of it, or statement in that respect. I ruled that this list was sufficient under the statute."

It is plainly impracticable to give in such a list a description in detail of every piece of machinery in a mill. Pub. Sts. c. 11, § 53, in column "Number Fourteen," under the description of buildings, requires cotton factories to be described "with the number of spindles and looms used in the same." The petitioner, it seems, used one of the ordinary ways of describing its mill and machinery. It was known to the assessors to be a cloth as well as a yarn mill, and this was indicated in the description by the use of the words "cloth room." The assessors asked for no further or fuller statement, and were not misled by the statement made in the list, or by the omission of the number of looms from it, and there is no suggestion of bad faith on the part of the petitioner. On the facts found by the court, we think that the ruling was right. See *Great Barrington* v. *County Commissioners*, 112 Mass. 218; *Wright* v. *Lowell*, 166 Mass. 298.

The next question of law arises upon the following statement of facts by the presiding justice: " There were presented in evidence copies of the returns to the tax commissioner for the years 1891, 1892, and 1893, which may be referred to. In the spaces provided in these returns for the values of real estate and machinery, no values were given, but in place thereof appeared these words: ' See assessors' valuation.' During these years and for several previous years the petitioner had regularly appealed from the valuation of the assessors, which appeals were pending in court. There were also presented in evidence copies of the certificates of condition required by the commissioner of corporations for the years 1891, 1892, and 1893, which may be referred to, in which these words appeared at the top of the blank furnished by the commissioner: ' It is expected that this blank can be readily filled from the report of affairs made to the stockholders at their annual meeting.' In the certificate for 1891, among the other items of ' Assets,' appeared against the word ' machinery ' $304,023.37; in that of 1892, $300,696.05; in that of 1893, $320,872.67. These figures were copied from the ' Construction Account ' as it appeared upon the books of the corporation at the time of the annual meeting in January of each year, and were arbitrary divisions of the assets, and not based

on any actual valuation of the machinery. These returns and certificates were furnished each year by the tax commissioner to the assessors, at their request, and were before them when they made their valuation of the property of the petitioner. The assessors duly returned to the tax commissioner in the fall of 1893 their assessment upon the real estate and machinery of the petitioner. The tax commissioner, for the purpose of determining whether there was to be a franchise tax, deducted the amount of the local assessment. The petitioner paid no tax upon its franchise. The market value of the shares of this corporation on the first day of May next preceding, as indicated by sales, was such as to show nothing left for a State tax had the valuation placed upon the real estate and machinery by the assessors been reduced by the full amount of the abatement. There was no evidence as to the opinion of the tax commissioner about these values. The respondent claimed that, by reason of the making of these returns, the petitioner was estopped from maintaining its petition for abatement, and asked for a ruling to that effect, which I declined to make." .

We think that this ruling was right. Whether the petitioner in a case of this kind can in any event be estopped from contending that the valuation put upon its property by the assessors is excessive, may be a question of some doubt; but if such an estoppel can arise, it can be only when the petitioner has made representations of the value of its property to the assessors with the intention that the assessors should act on them in making the valuation, and the assessors have been misled thereby. No such facts appear in this case.

The total valuation of the property of the petitioner by the assessors was $782,300. The principal questions of law in the case relate to the valuation of the following items. The mill buildings, meaning the stone mill and cloth room, were valued by the assessors, exclusively of the land, at $90,000; the lot of land on which the buildings stood was valued, exclusively of the buildings, at $80,000, and in this we infer that the water power was included; and the machinery was valued at $327,000; making a total of $497,000.

The court found that, if the buildings and machinery were removed from the land, the land would be worth for other than

mill purposes $150,000, on this hypothesis the water power being worth nothing; that the value of the machinery as set up in the buildings to be used for mill purposes was $266,000, but if the machinery was to be removed from the premises the value would be $186,000; and that the value of the land and buildings taken together, if the buildings were to remain on the land and be used for mill purposes, was, for the land, $15,000, and for the buildings, $63,000; to which must be added the value of the water power connected with the land, $33,846. These are the same values as those found by the commissioner.

The case presented is therefore one where the land alone is more valuable for other purposes than the land and buildings taken together are valuable for mill purposes, and the machinery is more valuable to be used in the buildings for mill purposes than it would be if removed from the buildings and used elsewhere. According to these estimates of value, the total fair cash value of the land with the water power, and of the buildings and machinery, if the owner or any purchaser wanted to use them together for mill purposes, is $377,846. But if the owner or any purchaser wanted to remove the buildings and machinery, and use the land for other purposes than mill purposes, the total value of the land, buildings, and machinery would be $336,000.

The commissioner appointed by the court, having found that the best and most profitable use of the whole property was to permit the buildings and machinery to remain, so that the whole could be used for mill purposes, valued for the purposes of taxation the different items as parts of one whole, making the total value $377,846.

As the assessors had valued the same items at $497,000, the valuation of the commissioner was a reduction of $119,154, and he found that, as the rate of taxation was $17.40 on a thousand dollars, the petitioner was entitled to an abatement from the tax of $2,073.28. The court, making the same valuation of the different items as the commissioner, ruled that, as the land and buildings considered apart from the machinery were worth $150,000, they must be assessed on that sum, and that the machinery must be assessed either on a valuation of $266,000, in which case the petitioner would be entitled to an abatement

of $1,409.40, or on a valuation of $186,000, in which case the petitioner would be entitled to an abatement of $2,801.40.

It is manifest that both the court and the commissioner had in mind the decision of this court in *Tremont & Suffolk Mills* v. *Lowell,* 163 Mass. 283. The court probably was of opinion that the statutes intended to treat the machinery for the purposes of taxation as personal estate, while the land and buildings were to be considered as real estate, and that this distinction required that the machinery should be valued as personal estate, separately and independently from the real estate, and not as a part of it. Pub. Sts. c. 11, § 20, cl. 2; § 53. Pub. Sts. c. 13, §§ 40, 41. Independently of statutes, some of the machinery of a cotton mill is usually affixed to the real estate in such manner that it would pass in a conveyance of the real estate as a part of it, and some probably would be considered as personal property. Mills often are owned by natural persons as well as by corporations, and it is desirable that the land, buildings, and machinery should be valued for taxation in the same manner whether the owner is a natural person or a corporation. In either case the machinery is taxable in the city or town where it is "situated or employed," and not in the city or town of which the owner is an inhabitant.

In the valuation to be made by the tax commissioner of the true market value of shares of corporations under Pub. Sts. c. 13, there is to be deducted "the value as determined by the tax commissioner of their real estate and machinery, subject to local taxation, wherever situated." §§ 39–41. This is a reference to Pub. Sts. c. 11, § 20, cl. 2, which is as follows: "All machinery employed in any branch of manufactures shall be assessed where such machinery is situated or employed; and in assessing the stockholders for their shares in any manufacturing corporation, there shall first be deducted from the value thereof the value of the machinery and real estate belonging to such corporation." Section three of this chapter is as follows: "Real estate, for the purposes of taxation, shall include all lands within this State, and all buildings and other things erected on or affixed to the same." The machinery intended to be assessed under § 20, cl. 2, is not, we think, necessarily machinery which has been affixed to land in such a manner as to become a part of the real estate. See *Lowell* v. *County Commissioners,* 152 Mass. 372, 377.

The difficulties which may arise in taxation when the land and buildings are owned by one person and the machinery by another, are somewhat similar to those considered in *McGee* v. *Salem*, 149 Mass. 238, 240 ; but in the present case the petitioner is the owner of the whole. It makes little difference to the petitioner whether the tax on the machinery is regarded as a tax on personal estate or not, unless it should become necessary at some time to determine how far the tax on the land, buildings, and machinery is a lien on the real estate, and then, as the land, buildings, and machinery have been separately valued, the tax list would contain the elements necessary for a decision. If there are indications in Pub. Sts. c. 11, that the machinery " situated or employed " in any branch of manufactures is to be classified as personal estate, still it is true, as said in *Commonwealth* v. *Hamilton Manuf.* Co. 12 Allen, 298, 309, that such machinery, " on account of its fixed character and connection with the buildings in which it is used, has been regarded as in the nature of real estate, and so taxable in the place where it is situated." The directions found in Pub. Sts. c. 11, § 53, for entering the valuation of the machinery in column Number Seven, of the buildings in column Number Fifteen, and of each and every lot of land in columns Number Sixteen, Seventeen, and Eighteen, show that the land, buildings, and machinery are considered for the purposes of taxation as items of property used in connection with one another. As the dominant intention of the statutes is that the valuation of property for the purposes of taxation shall be its fair cash value, considered with reference to all the uses to which the property may be put by any owner, we think it reasonable to extend the rule declared in *Tremont & Suffolk Mills* v. *Lowell*, 163 Mass. 283, to the machinery used in manufacturing establishments, which is locally taxable in connection with the land and the buildings on the land.

In the present case the whole manufacturing plant of land, buildings, and machinery locally taxable has been found to be of more value if kept together and used for mill purposes than if the machinery be removed from the buildings or the buildings with the machinery be removed from the land and each be valued separately, and, as they all belong to the petitioner, we

are of opinion that each of these items should be valued as it is used in its connection with the others. In accordance with the terms of the report, the petitioner is entitled to an abatement of the tax assessed upon it to the amount of $2,073.28, and interest thereon from October 23, 1893. *So ordered.*