BOSTON RUBBER SHOE COMPANY *vs*. CITY OF MALDEN.

Middlesex. November 12, 1913. — February 26, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Tax*, Abatement.   *Municipal Corporations*, Officers and agents.   *Waiver.*
*Words*, "List."

A Massachusetts corporation having its usual place of business in a city of this Commonwealth, which owns a number of different parcels of land in the city, some of them widely separated, and also owns numerous buildings, by filing a paper purporting to be a list of its taxable property as required by R. L. c. 12, § 41, and containing as its only description of real estate the words and figures "Land & Buildings $359,400," has not filed such a list as by § 74 of the same chapter is made a prerequisite to obtaining an abatement of a tax.

The chairman of the board of assessors of a city has no authority to waive the requirement of R. L. c. 12, § 41, (St. 1909, c. 490, Part I, § 41,) that a taxpayer shall file a true list of his taxable property which by R. L. c. 12, § 74, (St. 1909, c. 490, Part I, § 73,) is made a prerequisite to obtaining an abatement of a tax.

By R. L. c. 12, § 74, (St. 1909, c. 490, Part I, § 73,) the filing of a list of taxable property as required by another section of the statute is made, except as other-

wise provided in that section, a condition precedent to the right to secure an abatement of a tax, and it is of no consequence whether or not the assessors know or easily might ascertain the details of the property to be included in the list.

PETITION, filed in the Superior Court on December 6, 1909, by the Boston Rubber Shoe Company, a corporation organized under the laws of this Commonwealth and having its usual place of business in Malden, under R. L. c. 12, § 78, (St. 1909, c. 490, Part I, § 77,) appealing from the refusal of the assessors of the city of Malden to abate a tax for the year 1909 upon the real estate of the petitioner in that city.

The case was referred to Winfield S. Slocum, Esquire, who was appointed a commissioner under R. L. c. 12, § 80. The material facts which appeared by his report are stated in the opinion. Later the case was heard by *Fox,* J., upon the commissioner's report and other evidence offered by the petitioner. The respondent offered no evidence, and based its objection to an abatement entirely upon the insufficiency of the paper purporting to be a list which is quoted in the opinion. It was admitted that the amount of the tax to be repaid, if a sufficient list had been filed, was $588.75.

At the request of the respondent, the judge ruled that the abatement should be refused because of the failure of the petitioner to file the list required by the statute; and, at the request of the parties, reported the case for determination by this court. If his ruling was wrong, judgment was to be entered for the petitioner in the sum of $588.75 with interest from October 15, 1909, and costs; otherwise, judgment was to be entered for the respondent.

*H. L. Boutwell,* (*W. H. Hastings* with him,) for the respondent.
*J. Wiggin,* for the petitioner.

RUGG, C. J. This is a petition for an abatement of taxes assessed upon real estate of the petitioner. The assessors of the city of Malden gave seasonable notice, requiring its inhabitants to bring in true lists of their real estate subject to taxation. The petitioner filed a paper purporting to be a list which, as to real estate, contained only this: "Land & Buildings, $359,400.00." Its real estate consisted of a considerable number of different parcels of land, some widely separated from each other, and numerous buildings. The question presented is whether this was a

compliance with the statutory requirement for "true lists," including "real estate . . . subject to taxation." R. L. c. 12, § 41. St. 1909, c. 490, Part I, § 41.

The statute does not define the word "list." Its signification must be determined on broad grounds. It has been in the tax laws of this Commonwealth for many years. In *Newburyport* v. *County Commissioners*, 12 Met. 211, at 216 it was said by Shaw, C. J., respecting its meaning, that "the list to be given in was to embrace the enumeration and description of all the taxable property of the person giving it in;" and at page 219 that "the return of the list of property . . . was intended to aid the assessors in ascertaining the nature, quantity and extent of the property to be valued." In *Porter* v. *County Commissioners*, 5 Gray, 365, at 367 it was held that the lists are to be used by the assessors as a guide to the performance of their duty, and a basis in making their assessments. In *Lincoln* v. *Worcester*, 8 Cush. 55, at 64 it was said that the requirement of a list meant "the enumeration, description, occupancy and other particulars of all the real estate." In *Charlestown* v. *County Commissioners*, 1 Allen, 199, a list was attacked as insufficient because describing in somewhat comprehensive terms a tract unified as to its use and general location. In holding it sufficient, this was said at page 202: "The description of the real estate mentioned in it is so clear and distinct, that the land referred to could not be mistaken by any person seeking to find it." In *Moors* v. *Street Commissioners*, 134 Mass. 431, the list was referred to as an "enumeration, description and specification of his [the owner's] estate."

The inference from these decisions is irresistible that the court has treated the word "list" as having the meaning usually ascribed to it by lexicographers and in common speech, as being the equivalent of a catalogue, inventory or schedule itemized in sufficient detail to convey a reasonable understanding of the extent and nature of the subject to which it refers.

This interpretation of its meaning is confirmed by other considerations. A single tax levied generally upon parcels disconnected, or sharply and distinctly divided by use, cannot be made a lien upon separate tracts. A tax must be assessed upon each before the lien can attach. *Hayden* v. *Foster*, 13 Pick. 492. *Jennings* v. *Collins*, 99 Mass. 29. *Hamilton Manuf. Co.* v. *Lowell*,

185 Mass. 114, 117. By St. 1882, c. 217 § 3, (see St. 1894, c. 294; St. 1909, c. 490, Part I, § 42,) the tax commissioner was required to prepare instructions for the lists required by law, and to prescribe forms with instructions as to filling them out. The form issued in accordance with the statute and used by the petitioner, contained above the blank for the list of real estate, this direction: "Here give a brief description of each parcel of real estate, provided the assessors, in their notice under Revised Laws, chapter 12, section 41, as amended by chapter 157 of the Acts of 1903, require a return of real estate."

Taking into account the nature of the real estate of the petitioner and the separation of certain parcels, it cannot be said that its return was a list in any proper sense within the meaning of the statute.

The case at bar is distinguishable from *Great Barrington* v. *County Commissioners*, 112 Mass. 218, *Wright* v. *Lowell*, 166 Mass. 298, and *Blackstone Manuf. Co.* v. *Blackstone*, 200 Mass. 82, 89, in which there was merely an innocent failure to include all the property subject to taxation. So far as it went, however, the list in each case was sufficiently itemized. It is different from *Troy Cotton & Woolen Manufactory* v. *Fall River*, 167 Mass. 517, where the unit of description employed in the list of personal property was one well recognized in the trade and sufficient to inform the assessors adequately as to its nature and extent.

It has not been argued but that the failure to return any list of real estate would deprive the petitioner of an abatement even though an adequate list of personal property was filed. See *Wright* v. *Lowell*, 166 Mass. 298, 302.

It is not necessary to discuss the conversation between the treasurer of the petitioner and the chairman of the board of assessors of the respondent, for the reason that at most it could amount only to an attempted waiver on the part of the official of the requirement that a list be filed. It has been held that assessors have no right to waive this provision of the law, not enacted for their sakes, but in the general interest and for the protection of the public. *Winnisimmet Co.* v. *Chelsea*, 6 Cush. 477, 483. *Charlestown* v. *County Commissioners*, 101 Mass. 87, 90. *Sears* v. *Nahant*, 205 Mass. 558, 567. See *Atlantic Maritime Co.* v. *Gloucester*, 214 Mass. 348. For the same reason, it is of no

consequence that the assessors knew or easily might have ascertained the details of the petitioner's real estate. The filing of a list is a condition precedent to the right to secure an abatement. St. 1909, c. 490, Part I, § 73.

In accordance with the terms of the report, let the entry be

*Judgment for the respondent.*