FLORENCE V. C. PARSONS, executrix, *vs.* INHABITANTS OF LENOX.

Berkshire.　　June 25, 1917. — September 24, 1917.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Tax,* Abatement.

Where a testator died in France on December 1, 1911, being at the time of his death a resident of a town in this Commonwealth, and where the assessors of that town gave notice on April 1, 1912, requiring lists of property to be brought to them on or before May 15, 1912, and a commissioner appointed under St. 1909, c. 490, Part I, § 79, found that the executrix of the testator's will did not have a full and accurate knowledge of the property and estate of the testator until after May 15, 1912, and could not have made before that time a full, complete or accurate list of all such property and that she had "a reasonable excuse for failure to file a list before May 15, 1912," and where the executrix was in the town of the testator's residence from June until October, 1912, and during that time had no reason for not knowing about the property and estate of her testator, but did not file any such list of his taxable property until January, 1913, it was *held,* that this failure to file the list as soon as the cause for delay was removed was not a compliance with the requirement of St. 1909, c. 490, Part I, § 73, so that the condition precedent to an abatement of the taxes upon the estate of the testator for the year 1912 had not been performed, and accordingly that such an abatement could not be made.

Want of knowledge of the law requiring the filing of such a sworn list is no excuse for delay in the filing.

In the case described above it appeared that the sworn list of taxable property which was filed by the testatrix in January, 1913, was sworn to before a notary public, and it was *said,* that, the time for a seasonable filing then having elapsed, it was not necessary to consider whether the jurat would have been sufficient under St. 1909, c. 490, Part I, § 43, which provides that, "If the person . . . bringing such list is absent from the place in which the tax is to be assessed during the whole period when such oath may be made, it may be administered by a notary public."

PETITION, filed in the Superior Court on June 2, 1913, by the executrix of the will of David W. Bishop, late of Lenox, who

died at Paris, France, on December 1, 1911, under St. 1909, c. 490, Part I, § 77, for the abatement of a tax assessed on the estate of the testator for the year 1912, and, after a partial abatement by the assessors, paid under protest by the petitioner.

The case was referred to a commissioner, appointed under St. 1909, c. 490, Part I, § 79, "to hear the parties and their evidence and report his findings to the court together with such facts and questions of law as either party may request."

The case was heard by *Jenney,* J., upon the commissioner's report and an agreed statement of facts supplemental thereto. The judge made an order confirming the findings of fact set forth in the commissioner's report and made a decree that the taxes assessed against the petitioner in the sum of $7,450.79 and paid by her under protest on May 31, 1913, as alleged in the petition, be abated and that judgment be entered for the petitioner in the sum of $7,450.79 with interest thereon in the sum of $1,657.80 together with taxable costs. At the request of the parties, the judge reported the case upon the pleadings, the commissioner's report, the agreed statement of facts, the findings of the judge and the order of judgment thereon for determination by this court.

St. 1909, c. 490, Part I, § 43, is as follows: "The assessors shall in all cases require a person, firm or corporation bringing in a list to make oath that it is true. The oath may be administered by any of the assessors or by their secretary or head clerk. If the person, firm or corporation bringing such list is absent from the place in which the tax is to be assessed during the whole period when such oath may be made, it may be administered by a notary public, whose jurat shall be duly authenticated by his seal."

The case was submitted on briefs.

*H. Parker, C. E. Hibbard & T. D. Hewitt* (of New York), for the petitioner.

*G. A. Mole, J. F. Noxon & M. L. Eisner,* for the respondent.

CARROLL, J. This is a petition under St. 1909, c. 490, Part I, § 77, for an abatement of taxes for the year 1912, assessed upon the estate of David W. Bishop, a resident of Lenox in this Commonwealth, who died in Paris, France, December 1, 1911. The petitioner is the mother of the testator and the executrix of his will, which was proved and allowed in the Surrogate's Court of the County of New York in the State of New York, on or about

March 7, 1912, and in the Probate Court for Berkshire County, February 4, 1913.

The assessors of the respondent town, on or about April 1, 1912, caused to be posted in three public places in Lenox notices requiring lists of property to be brought to them on or before May 15, 1912. St. 1909, c. 490, Part I, §§ 41, 42, 43. St. 1909, c. 515. No list was filed with the assessors by the petitioner within the time stated in the notice. In December, 1912, a list was mailed from the city of New York, where Mrs. Parsons, the petitioner, resided, directed to the assessors of Lenox. This list was not sworn to and subsequently was withdrawn for corrections. A second list, sworn to before a notary public, was filed with the assessors January 10, 1913; and a third list, sworn to before a notary, was filed in March, 1913.

At the time of the annual assessment, in addition to an assessment of real estate, furniture and tangible property which is not in dispute, an assessment was made "on other ratable personal property" in the sum of $500,000, representing a tax at the Lenox tax rate for 1912 of $5,500. A second assessment of $500,000 of personal property, omitted from the former assessment, was made within the time required by St. 1909, c. 490, Part I, § 85. St. 1911, c. 89. See *Gannett* v. *Cambridge*, 218 Mass. 60. It is in connection with the two assessments of $500,000 each and the tax of $11,000 that these proceedings were commenced. The tax bill for $5,500 on the first assessment was sent September 1, 1912. The bill for the omitted assessment was sent on or about January 1, 1913. The value of the estate was found by the commissioner to be $450,569.91, as stated in the third list filed. In March, 1913, following the filing of the last list, the petitioner asked for an abatement, in consequence of which the tax of $11,000 was reduced by the sum of $3,549.21. This tax, as abated, was paid under protest on May 31, 1913.

It was found by the commissioner that the testator's personal property "at the time of his death and until the close of his estate was physically situated outside the Commonwealth of Massachusetts, except for an undivided half interest in certain furniture and other household effects located on the real estate in Lenox." "He [the testator] had at the time of his death considerable property in France, and his other tangible property, as well as all

his securities, were physically present at the time of his death and until his estate was closed in New York County, in the State of New York."

On the third of April, 1912, the petitioner left the United States and went to Paris, where she was engaged in the collection, management and disposition of her son's property until her return to the United States, May 13, 1912. The testator's "affairs in France [were] in such shape as to require her [the petitioner's] attention and presence." The commissioner found that the petitioner did not have a full or accurate knowledge of all the property and estate of the testator until after May 15, 1912, and could not before that time have made a "full, complete, and an accurate list of all such property;" that she had "a reasonable excuse for failure to file a list before May 15, 1912."

No finding was made that there was good cause for the delay subsequent to May 15 and continuing until January 10, 1913, when the first sworn list was filed with the assessors. It also appears that Mrs. Parsons came to Lenox early in June, 1912, and remained there until October 1 of that year.

Where a taxpayer seeks an abatement of an excessive tax before the assessors, (unless the tax exceeds by more than fifty per cent the amount which would have been assessed if the list had been seasonably brought in,) no part of the tax assessed on his personal property shall be abated if he has failed to file the list within the time specified in the notice, under St. 1909, c. 490, Part I, § 41, (see now St. 1914, c. 198, § 5,) unless he shows to them "a reasonable excuse for the delay." St. 1909, c. 490, Part I, § 73.

On appeal, either to the county commissioners or to the Superior Court, no abatement of the tax shall be made if the list required to be returned to the assessors was not brought in within the time specified in Section 41, unless it is found "that there was good cause for the delay," or unless the assessors have so found. St. 1909, c. 490, Part I, §§ 76, 77.

The filing of the list within the specified time is a condition precedent to the abatement of an excessive tax, unless there was a reasonable excuse or good cause for the delay. *Sears* v. *Nahant*, 205 Mass. 558. *Charlestown* v. *County Commissioners*, 101 Mass. 87.

The time for filing the list expired May 15, 1912. If we assume,

on the findings of the commissioner, that the petitioner was excused for good cause from filing the list at the time specified, no reason is shown why the list should not have been filed as soon as the cause for delay was removed. The petitioner was in Lenox from June until October and during that time presumably had knowledge of the property and estate of the testator. No sworn list was given to the assessors until after the assessment of omitted personal property was made in December, 1912. This was not in accordance with the requirements of the statute. To recover under the tax statute it must be complied with; and the petitioner, failing in this, cannot recover. See, in this connection, *Porter* v. *County Commissioners,* 5 Gray, 365; *Osborn* v. *Danvers,* 6 Pick. 98.

The petitioner's want of knowledge of the law requiring the filing of the list is no excuse. Even under the workmen's compensation act ignorance of the law has been held to be no excuse for failure to comply with the provisions of the act. *Fells's Case,* 226 Mass. 380.

On or about November 1, 1912, the chairman of the assessors stated to a representative of the petitioner that in order to secure an abatement of the taxes "she would have to file a statement and that a statement would be received." The assessors could not waive the provisions of the statute and the commissioner has found there was no waiver. *Boston Rubber Shoe Co.* v. *Malden,* 216 Mass. 508, and cases cited.

The conversation of November, 1912, with the assessors, affords no excuse for the failure to file the list before that time, nor is it an excuse for the delay until January of the following year.

As the petitioner had not filed the list within the time required by the notice, and no good cause is shown for the subsequent delay after May 15, 1912, it is unnecessary to discuss the question whether the list sworn to before the notary public was executed as required by St. 1909, c. 490, Part I, § 43, see *Amherst College* v. *Amherst,* 193 Mass. 168, or whether the petition for abatement, of March 23, 1913, was filed within the time required by law. St. 1909, c. 490, Part I, § 72. There is nothing in *Great Barrington* v. *County Commissioners,* 112 Mass. 218, 223, *Wright* v. *Lowell,* 166 Mass. 298, 302, *Chase* v. *Boston,* 193 Mass. 522, 527, at variance with what is here stated. Nor is it necessary to consider the effect of the probate of the will in New York before its probate in this

Commonwealth; see, in this connection, *Rackemann* v. *Taylor*, 204 Mass. 394.

On the facts found by the commissioner, the case at bar is not within the rule stated in *Putnam* v. *Middleborough*, 209 Mass. 456 and *Gray* v. *Lenox*, 215 Mass. 598. See *Hemenway* v. *Milton*, 217 Mass. 230.

The result is that, as the testator at the time of his death was a resident of Lenox in this Commonwealth, and as no list was filed as required by the statute, see *Frothingham* v. *Shaw*, 175 Mass. 59, *Welch* v. *Boston*, 221 Mass. 155, *Sullivan* v. *Ashfield*, 227 Mass. 24, the petition must be dismissed and judgment entered for the respondent.

*So ordered.*