## LUCIE McMILLAN *vs.* CITY OF GLOUCESTER.

Essex.    January 16, 17, 1923. — February 28, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Practice, Civil,* Appeal.    *Tax,* Abatement, Assessment, List of taxable property.

A printed record from the Superior Court, which contains a complaint under G. L. c. 59, § 65, for the abatement of a tax, a reference to a commissioner under an agreement that the commissioner's findings of fact should be final, the commissioner's report of facts and of his conclusion that the abatement sought should be granted, a statement, unsigned by judge or clerk, "Judgment on Commissioner's report," and an appeal by the respondent, presents no case to this court.

The unsigned entry above described, "Judgment on Commissioner's report," was not an entry of judgment and the case was not ripe for appeal.

Where a report of a commissioner, appointed under G. L. c. 59, § 67, to hear a complaint under § 65 of that chapter for the abatement of a tax with an agreement of the parties that his findings of fact shall be final, is not agreed upon as a case stated and is not embodied in a report of the case by a judge or in a bill of exceptions, it is not properly included in the printed record before this court upon what purported to be an appeal from a "Judgment on Commissioner's report."

Absence on the continent of Africa during 1921 or for several years before may warrant a finding under G. L. c. 59, § 61, of good cause or reasonable excuse for failure to file the list of property liable to taxation required after notice by § 29 of that chapter.

COMPLAINT, filed in the Superior Court on January 10, 1922, under G. L. c. 59, § 65, for an abatement of taxes upon real and personal property.

In the Superior Court, the complaint was referred to a commissioner under G. L. c. 59, § 67, the parties agreeing that his finding of facts should be final. Material facts found by the commissioner are described in the opinion.

The complaint was heard by *Quinn*, J. Following the commissioner's report in the printed record, under date September 25, 1922, appears the unsigned statement, "Judgment on Commissioner's report," which is followed by an appeal by the respondent.

*C. W. Wonson*, for the respondent.

*P. Nichols*, for the complainant.

RUGG, C.J. This is a complaint under G. L. c. 59, § 65, for an abatement of taxes assessed to the complainant on real and personal property in the respondent city for 1921. The case was referred to a commissioner under an agreement that his findings of fact should be final. The commissioner's report is printed and contains a full finding as to material facts. Under date of September 25, 1922, there is printed in the record, "Judgment on Commissioner's report" unsigned by any judge or clerk of court; and the respondent appealed. Manifestly this is not a judgment; at most it may be treated as an order for a judgment.

The case is not rightly here. The report of the commissioner is no part of the record. *Davis* v. *Gay*, 141 Mass. 531. The parties did not agree that it should be treated as a case stated. *Frati* v. *Jannini*, 226 Mass. 430. Therefore it is not a case where appeal is available for bringing to this court for review errors of law alleged to have been committed in the Superior Court. The commissioner's report should have been embodied in the record

by report of the judge or by exceptions or by agreement of parties that it be treated as a case stated. *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133. Moreover, treating the entry as an order for judgment it is unsigned by any judge, and is incomplete in particulars required by G. L. c. 59, § 68, and in other essentials.

If, however, the case be treated as an appeal from a judgment on a case stated, *Manning* v. *Woodlawn Cemetery Corp.* 239 Mass. 5, 9, no error is shown. The assessors gave notice for all residents and non-residents to bring in lists of their real and personal estate liable to taxation in Gloucester before May 15, 1921. G. L. c. 59, § 29. The complainant did not comply with this notice as to time, but filed a list by an agent in October, 1921, and another signed by herself in November, 1921. The assessors received these lists and granted a partial abatement. The complainant was a resident on the continent of Africa and was not in the United States during 1921 or for several years before. The ordering of judgment by the Superior Court judge in favor of the complainant imported a finding of all subsidiary facts essential to that result. Among these facts was the finding that the complainant had good cause or reasonable excuse for failure to file a list at any time earlier than it was filed. A finding to that effect apparently was made by the assessors, the commissioner and the trial judge. G. L. c. 59, § 61. *Sears* v. *Nahant,* 221 Mass. 437. Absence from the country under the circumstances here disclosed warranted such finding. *Hopkins* v. *Reading,* 170 Mass. 568. The case at bar is distinguishable from *Boston Rubber Shoe Co.* v. *Malden,* 216 Mass. 508, *Atlantic Maritime Co.* v. *Gloucester,* 214 Mass. 348, and *Parsons* v. *Lenox,* 228 Mass. 231, upon which reliance is placed by the respondent.

*Appeal dismissed.*