FRANKLIN DEXTER *vs.* CITY OF BEVERLY.

Essex.    March 18, 1924. — May 21, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Tax,* On real estate: filing of list of property; Abatement.

While, under G. L. c. 59, §§ 29, 61, 64, the seasonable filing of a list including real estate, when so required by the assessors in their notice, is a condition precedent to the right to secure an abatement of taxes unless the taxpayer shows a reasonable excuse for delay, and this requirement of the statute cannot be waived by assessors, it was error, at the hearing of a complaint for abatement of a tax assessed for 1923 upon real estate, for the trial judge to rule as a matter of law that " there was not good cause shown " for a failure to file the list " within the time specified by the assessors in their notice," where the evidence tended to show that in 1916 an assessor had stated to the complainant that, where there was no change in the real estate, that item need not be included in a list then filed by him; that similar responses were given to inquiries by the complainant in successive years, although in 1923 nothing was said about real estate; that the complainant continuously had filed a list of personal property but had not included real estate therein; that in 1923 the complainant requested a reduction in the assessment of his real estate, and the assessors, in responding to his letter, had stated that they would give it consideration and that, in subsequent correspondence, the assessors did not assert a failure of the complainant to file a list of real estate or to show a reasonable excuse for a delay in so doing as a ground upon which they relied in refusing his claim for abatement: such evidence at least required that a finding of fact be made on the question, whether good cause for not filing the required list seasonably was shown.

COMPLAINT, filed in the Superior Court on November 19, 1923, and afterwards amended, seeking the abatement of a tax assessed for the year 1923 upon the plaintiff as the owner of certain real estate in Beverly.

The complaint was heard in the Superior Court by *Weed*, J. Material findings of fact are described in the opinion. The judge ruled " as matter of law that the seasonable filing of a list including real estate when so required by the assessors in their notice is a condition precedent to the right to secure an abatement unless the taxpayer shows a reasonable excuse for delay in so doing, and that the assessors have no right to waive this provision of law. Upon the facts found and hereinbefore set forth, I further rule as matter of law that there was not good cause shown for the complainant's failure to file a list of his real estate within the time specified by the assessors in their notice," and ordered judgment for the defendant. He then reported the case for determination by this court, judgment to be entered for the defendant for its costs and expenses if his ruling was right, and otherwise judgment to be entered for the complainant in the sum of $1,210 with interest from November 2, 1923.

*R. G. Dodge, (J. M. Raymond* with him,) for the complainant.

*P. Nichols,* for the respondent.

RUGG, C.J. This is a complaint in the nature of an appeal from a refusal by the assessors of the city of Beverly to abate some portion of the taxes assessed upon the real estate of the complainant in that city. The real estate in question is the summer residence of the complainant, acquired by him mostly in 1905, save two comparatively small parcels, one in 1911 and the other in 1919, and all continuously occupied by him since those dates. There was evidence that, when the income tax took effect in 1916, in reply to a question in behalf of the complainant, the assessor said that a list should be filed but that, where there was no change in the real estate, that item need not be included. Similar inquiries in behalf of the complainant made in successive years met with similar responses, although in 1923 nothing was said about real estate. In 1916 and yearly thereafter including 1923 the complainant filed a list of personal property subject to taxation, but did not include his real estate in any list. Seasonable and proper notice

was given by the assessors in 1923, to all persons subject to taxation, to bring in to them true lists of their property including real estate. On March 1, 1923, the complainant wrote the assessors concerning what he claimed to be excessive valuation of his real estate, and requested a material reduction for that year. In acknowledging this letter on March 17, 1923, the assessors said that they would give his request consideration. On receipt of his tax bill, the complainant wrote to the assessors on October 17, 1923, referring to his letter of March 1, 1923, and calling their attention to the fact that no reduction had been made and renewing his request for such reduction. On October 20, 1923, reply was made dealing with the valuation and affirming its justness. The complainant then paid the tax under protest and on November 16, 1923, filed formal application for an abatement and a sworn list of all his real estate adequate in form. In denying the complainant's formal and informal applications for abatement, his failure to file a list seasonably, or to show a reasonable excuse for his delay in so doing, was not the ground upon which reliance was placed by the assessors. It was not even mentioned by them.

The seasonable filing of a list including real estate, when so required by the assessors in their notice, is a condition precedent to the right to secure an abatement of taxes unless the taxpayer shows a reasonable excuse for delay. This is the plain effect of G. L. c. 59, §§ 29, 61, 64. *Parsons* v. *Lenox*, 228 Mass. 231, 234. *Sears* v. *Nahant*, 205 Mass. 558, 569. This express requirement of the statute cannot be waived by the assessors. It is enacted, not for the benefit of the assessors, but in the general interest and for the protection of the public. *Winnisimmet Co.* v. *Chelsea*, 6 Cush. 477, 483. *Boston Rubber Shoe Co.* v. *Malden*, 216 Mass. 508, 511.

The evidence already narrated was sufficient to support a finding of good cause for not filing seasonably the list of his real estate by the complainant. The conversations between the representative of the complainant and the assessors has a bearing upon good cause for delay although of no

value in waiver. The course of conduct between the complainant and the assessors for several years was of probative value on this issue. A full list was filed and accepted when the petition for abatement was filed. The evidence was at least such as to require a finding of fact on this point. Commonly, where evidence is introduced, the question whether such good cause has been shown is one of fact. *Lowell* v. *County Commissioners,* 3 Allen, 546. *Charlestown* v. *County Commissioners,* 101 Mass. 87, 89. *McMillan* v. *Gloucester,* 244 Mass. 150, 152. *Milford* v. *County Commissioners,* 213 Mass. 162, 164.

It was error to rule as matter of law that good cause had not been shown. The case at bar is distinguishable from *Boston Rubber Shoe Co.* v. *Malden,* 216 Mass. 508, where no question as to good cause for delay in filing a proper list was presented. The complainant in that case filed a list seasonably and relied throughout on the sufficiency of that list and did not attempt to file a more complete list. The list so filed was as matter of law insufficient.

In accordance with the terms of the report, judgment is to be entered for the complainant in the sum of $1,210, with interest from November 2, 1923.

*So ordered.*