GRIMMELL v. THE CITY OF DES MOINES.

1. **Municipal Corporations**: SEWERAGE DISTRICTS. Cities of the first class, under chapter 162, Acts of Seventeenth General Assembly, have authority to constitute but one sewerage district for the entire city.

2. ——: ORDINANCE: RESOLUTION. Where the ordinance of a city providing for the construction of sewers also provides that the council may order the construction of a sewer by resolution, and the resolution is passed, it is sufficient; and when such resolution does not provide for contracting the work, its passage need not be upon the call of yeas and nays.

3. ——: ASSESSMENT: CHANCERY. The assessment of property for the construction of a sewer in this case was not inequitable, and if there was inequality in the assessment, chancery will not hear the complaint, unless the party pay, or offer to pay, the portion of the tax justly due.

4. ——: ——: SEWER. Where the sewer is a unit, though constructed along more than one street, a single assessment therefor is valid.

5. ——: ——. An assessment for a sewer is not rendered invalid because the resolution ordering the same did not direct the manner of payment.

6. ——: ——: EXCESSIVE. Under chapter 162, Acts of Seventeenth General Assembly, the city did not exceed its authority in making the assessment for sewerage purposes.

*Appeal from Polk Circuit Court.*

TUESDAY, OCTOBER 25.

ACTION in chancery to cancel and set aside an assessment made upon plaintiff's property for a sewer constructed in a

street adjacent thereto.    Upon a trial on the merits plaintiff's petition was dismissed.    She now appeals to this court.

*Barcroft, Gatch & McCaughn,* for appellant.

*Miller & Godfrey,* for appellee.

BECK, J.—I.    The City of Des Moines caused a sewer to be constructed, beginning at Water street, and running thence a o ıg Locust and Sixth streets to the intersection of Chestnut street.    The cost of its construction was assessed upon the lots adjacent to the streets along which it was built.    Plaintiff owns a block of lots abutting upon the part of Sixth street where the sewer is constructed.    An assessment was made upon this block to pay for the construction of the sewer.    Plaintiff claims that for various reasons the assessment is irregular and void, and brings  this action, praying that it may be canceled and set aside.

The case may be more briefly and satisfactorily disposed of by considering the objections made by plaintiff to the tax in the order we find them discussed in the argument of her counsel.    The facts involved will be stated in connection with our discussion of the several points.

II.    It is first insisted that the defendant by failing to comply with the statute of the State did not acquire authority 1. MUNICIPAL to assess the cost of constructing the sewer upon corporations: sewerage dis- adjacent lots.    The statute conferring such authtricts. ority upon cities of the first class is chapter 162, Acts Seventeenth General Assembly, the first section of which is in the following language:

" All cities of the first class in the State which have not commenced a general system of sewerage by the levy and expenditure of any tax therefor under the provisions of chapter 107, Acts of the Sixteenth General Assembly, may provide by ordinance for the construction of sewers, or may divide the city into sewerage districts, in such manner as the council may

determine, and pay the cost of constructing same out of the general revenue of the city, or assess the cost upon the adjacent property, or may levy a certain sewerage tax within the sewerage district, out of which to pay for the construction of the same, which sewerage tax shall not exceed, in any one year, two mills on the dollar of the assessed value of the property within such district; or, may pay a part of the cost of such construction out of the general revenue, a part by the assessment of adjacent property, and a part by levying a tax upon all the property within the sewerage district, or may pay for the same by pursuing any two of the methods herein named "

The ordinance of the city passed pursuant to the statute provided that the city shall constitute but one sewerage district.

· Counsel for plaintiff insist that, as the city has not been divided into two or more sewerage divisions, it cannot provide for the payment of the cost of constructing sewers under the provisions of the statutes above quoted, but must do so under the statutes by appropriations out of the general revenue of the city or out of a special two per cent sewer tax. See Code § 465; section 1, chapter 107, Acts Sixteenth General Assembly.

We will first inquire whether under the act just quoted the city has authority to create one sewerage district comprising all of its territory.

The statute provides that by ordinance the municipal government " may divide the city into sewerage districts in such manner as the council may determine." This language authorizes the creation of more than one district, but if it be consistent with other words of the statute and in accord with its reason and spirit it may be so construed as to authorize the creation of one district, for " words importing the plural number may be applied to one person or thing." Code, § 45, ¶ 3. The intention of the statute is to authorize the cities to create taxing districts for the purpose of a just distribution of the

burdens imposed in the construction of sewers. Their number, size, boundaries, etc., are left to the discretion of the legislative department of the municipal government. This discretion is to be exercised to attain the objects of the provision, namely, the equal distribution of the burdens of taxation among the tax payers in view of the benefits of the improvement to be constructed and the true interests of the city. The right attainment of this end, resting, as we have said, in the discretion of the city council, is not a matter of inquiry by the courts, unless, of course, the rights of citizens are encroached upon.

Now if the city determines that only one taxing district is demanded by the circumstances of the case, it has exercised the power imposed upon it; it has done what the statute authorizes, namely, has provided for taxation by the plan contemplated through the taxing district. We conclude that the city is authorized to constitute but one sewerage district for the whole city.

III. The ordinance of the city provides for the manner of constructing sewers, for letting the work, for the levy of 2. ———: ordi- assessments to pay therefor, etc., and that the city nance: res- olution. council may by resolution order the construction of a sewer upon any street by a majority vote when such improvement is asked for in a petition by a majority of the resident property holders or by a two-thirds vote of the council if there be no such petition. The resolution contemplated by this ordinance was passed. But counsel for plaintiff insist that the work could be ordered only by ordinance. But the statute above cited expressly declares that the city " may provide by ordinance " for the construction of sewers. This defendant has done in compliance with this provision of the statute. The authority conferred by the statute and assumed by the ordinance was brought into exercise and applied to the sewer in question by the resolution. This is in harmony with the provisions of the statute.

IV. It is insisted that the resolution ordering the work was

not passed by a vote of two-thirds of the member of the city
council. Without considering the effect of the record of the
proceedings of the council we are of the opinion that the pre-
ponderance of the testimony clearly shows that the resolution
was passed by a two-thirds vote of the council. It would not
prove to be profitable to enter upon the discussion of the evi-
dence upon this point of the case.

V. It is made the ground of an objection that the vote upon
the passage of the resolution was not upon the call of the yeas
and nays. The resolution does not provide for contracting the
work; it is not an ordinance, and is not therefore, within the
operation of Code, Sec. 493, requiring such action to be had
upon a vote by yeas and nays. We know of no provision of
the law sustaining counsel's position.

VI. Counsel for plaintiff insist that the ordinance of the
city providing for the assessment "is so grossely and mani-

3. ——: as- festly inequitable and unreasonable as to be void
sessment:
chancery. for that reason alone." This charge is based upon
the provision of the ordinance declaring that the assessments
shall be made according to the superficial area of each lot and
not according to frontage. It is provided that all property
within the distance of one hundred and fifty feet shall be
deemed adjacent to the sewer except where property is bisected
by an ally, when that part between the ally and sewer alone
shall be regarded as adjacent. It is pointed out by counsel
that property of greater depth is subject to greater assessment.
We see nothing in this that is inequitable. The depth of the
lots adds to their value and should require the payment of
larger assessments than is required of shorter lots. In the
case of alleys dividing the property of an owner, it appears
proper that the assessment should not extend across the ally
as it separates the different lots and those beyond cannot be
called adjacent. There may arise cases of apparent hardship
and injustice under the ordinance. There would surely arise
like cases under any other plan of assessment. Perfect equal-

ity of taxation under any system has never been attained. The law requires no more than proximate equality. We think it is attained under the ordinance in this case.

But if plaintiff has just ground of complaint because of the inequality of the assessment she has not put herself in position to claim relief in equity. She does not deny that she is justly liable under the ordinance, if it be valid, for a portion, at least, of the assessment. She cannot defeat the whole assessment, and chancery will not hear her complaint unless she pay or offer to pay the part of the tax justly due. *Morrison et al. v. Hershire,* 32 Iowa, 271.

VII. The cost of the sewer at the crossing of the streets is assessed to the adjacent property. This constitutes another ground of complaint of plaintiff. It is only necessary to say that we cannot determine from the abstract before us that plaintiff's property was especially assessed for the costs of constructing the sewer at any street crossing. It is probable that the cost of the sewer at the crossings of the streets was distributed among all the lot owners assessed. We will not inquire into the justice of the provision or determine whether it can be made the ground of relief. As plaintiff has not paid or offered to pay any portion of the tax she cannot, as we have just pointed out, maintain this action by which she seeks to defeat the whole assessment.

VIII. It is next insisted that the assessment is invalid for the reason that the sewer is constructed along more than one street and the assessment is made for the whole work. Cases involving the improvement of more than one street upon one assessment are cited to support this objection. They throw no light upon the case. There may be just ground of objection to the improvement of two streets under one proceeding, and the payment therefor by one assessment; but the sewer involved in this case is a unity; it is one sewer along more than one street; it does not branch or separate; it is but one

sewer from the begining to the end. Not so with streets which run parallel or at right angles with each other. There may be reasons why they cannot be improved under one proceeding. No such reason exists in the case of the construction of one sewer.

IX. In the proceedings of the city council the sewer is designated " the Locust Street Sewer." Counsel insist that there was no action authorizing the construction of the sewer on Sixth Street. The name designated the sewer and the survey indicated the streets along which it was to be constructed. It is shown that the sewer was authorized upon both Locust and Sixth streets by the action of the council.

X. The plaintiff insists that the assessment is invalid for the reason that the resolution ordering the work does not direct 5. ——: ——. the manner of payment therefor. But this was done by the ordinance which we have seen provides for the manner of constructing the sewer and the assessments for payment thereof. The resolution of the council simply called into exercise the powers assumed by the ordinance and directed their application to the sewer in question.

XI. It is lastly insisted that the assessment is in excess of the amount authorized by law to be levied for sewerage purposes. This may be true as to the statutes existing
6. ——: ——.
excessive.        before the law under which the city acted in the
case. The city, however, did not attempt the exercise of power under the statutes. It cannot be claimed that the assessments authorized by Chap. 162, Acts 17th General Assembly, are restricted and controlled by the prior laws. The very purpose of the last statute was to increase the power of the city to levy taxes and assessments for the building of sewers. It authorizes the levy of the cost of their construction upon adjacent property without limit as to the amount of the assessment. The city has not exceeded the extent of its authority in making the assessment in question in this case.

We have considered all the questions discussed by plaintiff's counsel and reach the conclusion that the decree of the Circuit Court ought to be

