## STATE *v.* GRIFFIN, *Ap't.*

An appellant from a sentence of a justice of the peace is bound to pay the fees for the appeal, recognizance, and copies to the justice, and the entry fee to the clerk of the supreme court.

The right of trial by jury in such cases, being subject to a similar burden of greater amount when reserved by the constitution in 1784, is not impaired by Gen. Laws, *c.* 258, *ss.* 3, 4, requiring such payment.

APPEAL, by the defendant from a judgment rendered against him by a justice of the peace on a complaint for assault and battery. The question is, whether the defendant is bound to pay to the justice the fees for the appeal, recognizance, and copies

required by Gen. Laws, *c.* 258, *s.* 2, and to the clerk the entry fee required by Gen. Laws, *c.* 290, *s.* 4.

*Ira Colby* and *L. W. Barton*, for the defendant.

*S. L. Bowers*, solicitor, for the state.

CARPENTER, J.   The statutes require the appellant to pay to the justice his fees for the appeal, recognizance, and copies, and to the clerk of the court the entry fee.   G. L., *c.* 258, *ss.* 2, 3; *c.* 290, *s.* 4.   The defendant objects that these provisions are an infringement of his constitutional right of trial by jury.

All the provisions of the constitution affecting prosecutions for crime have remained in force without alteration since it took effect in June, 1784.   The journal of the constitutional convention of 1791 was first published in 1877.   Prior to that time, and until attention was called to that publication, it was generally, if not universally, understood that the whole of the present constitution (excepting the amendments of 1851, 1877, and 1889) was submitted to the people and adopted by them in 1792.   *Pierce* v. *State*, 13 N. H. 536, 542; *Baker* v. *Holderness*, 26 N. H. 110, 114; *Rich* v. *Flanders*, 39 N. H. 375, 376; *Copp* v. *Henniker*, 55 N. H. 179, 191; *Perkins* v. *Scott*, 57 N. H. 55, 57, 78; *King* v. *Hopkins*, 57 N. H. 334, 346; Commissioners' Report 1878, *p.* 29, note; G. L. 40, note.   Such was not the fact.   *State* v. *Saunders*, *ante*, *pp.* 39, 72.   The convention first proposed and submitted to the people seventy-two amendments.   They were separately voted upon.   Forty-six were adopted and twenty-six were rejected.   The only one affecting trial by jury related to civil causes, and was rejected.   The action of the people rendered necessary further amendments regarding the senate, executive power, and council, and articles 25 to 66, inclusive, of the constitution, as it stood until 1851, were submitted to the people in a body as a single amendment, and were adopted.   10 Prov. and St. Papers, *pp.* 111–168.

"We regard it as a well settled and unquestioned rule of construction, that the language used by the legislature in the statutes enacted by them, and that used by the people in the great paramount law which controls the legislature as well as the people, is to be always understood and explained in that sense in which it was used at the time when the constitution and the laws were adopted."   Opinion of the Justices, 41 N. H. 551; *ib.*, 44 N. H. 635.   "The trial by jury secured to the subject by the constitution is a trial according to the course of the common law, and the same in substance as that which was in use when the constitution was framed."   *East Kingston* v. *Towle*, 48 N. H. 57, 64.   "The right is the historical right enjoyed at the time it was guaranteed by the constitution. . . . The exercise of the right may be

regulated by legislation : without some legislative regulation of it, or provision for it, it cannot be enjoyed at all. The constitution merely guarantees the right, and leaves to the legislature the duty of providing the means and methods by which it is to be enjoyed." *Copp* v. *Henniker*, 55 N. H. 179, 195, 198. It may in some cases be difficult to draw the line between legislative acts which merely regulate the exercise of a constitutional right, and acts which, under the pretence of regulating, materially impair the right. *Davis* v. *School-District*, 44 N. H. 398, 404; *Attorney-General* v. *Colburn*, 62 N. H. 70, 73, 74; *Copp* v. *Henniker*, 55 N. H. 179, 196–198, 201, 202; *Rich* v. *Flanders*, 39 N. H. 304; *Green* v. *Biddle*, 8 Wheat. 1, 75, 76; *Bronson* v. *Kinzie*, 1 How. 311, 316–318. No such difficulty arises here. The only objection to the statutes is, that they make the expense to which the defendant is subjected in order to obtain a trial by jury greater than it was when the constitution was adopted. If the objection were well founded in fact, it might not perhaps necessarily follow that the substance of the right to jury trial as it existed in such cases in 1784 is thereby materially impaired. *Davis* v. *School-District*, *supra ; Beers* v. *Beers*, 4 Conn. 535, 539; *Colt* v. *Eves*, 12 Conn. 243, 252, 253; *Curtis* v. *Gill*, 34 Conn. 49, 54; *In re Marron*, 60 Vt. 199. But in 1784 the person appealing from the sentence of a justice of the peace was compelled to pay in fees a much greater sum than is required by the present statutes.

The provincial act of 1718 provided " That it shall be lawful for any person sentenced for any criminal offence by one or more justices of the peace out of sessions to appeal therefrom unto the next court of general quarter sessions of the peace to be held within this province ; every such appellant recognizing with sureties in a reasonable sum not exceeding five pounds for his appearance at the court appealed to, and to prosecute his appeal there with effect, and to perform and abide the order or sentence of the said court thereon which is to be final ; and in the meantime to be of good behavior. And every such appellant shall attend the same rules and methods for bringing forward his appeal at the said court of general sessions of the peace as is provided in case of appeal from a justice of the peace in civil cases to the inferior court, and shall pay the like fee for entring of his appeal as for the entring of a civil action and the like fee to the jurors." Prov. Laws, ed. 1726, *p.* 70; ed. 1761, *pp.* 1 and 2 ; ed. 1771, *pp.* 69, 70. In effect, appellants were required to take the same steps and pay the same fees in criminal as in civil cases. 55 N. H. 197. In civil cases appellants were required to produce in the court appealed to "attested copies of the writ, judgment, and all the evidence filed." Prov. Laws, ed. 1761, *pp.* 3 and 4. The act of 1718 was repealed September 15, 1792, and the act of February 9, 1791 (Laws, ed. 1797, *p.* 53), which merely required the appellant to recognize with sufficient sureties for his appearance at the court appealed to and

to prosecute his appeal there with effect, abide the order of court thereon, and in the meantime to be of good behavior, went into effect at the same time.   Laws, ed. 1805, *pp.* 398–401, 403.

By the fee bill in force in 1784, the justice's fees for the appeal and recognizance were four shillings, for the copies one shilling a page of 224 words, and for his certificate thereon two shillings ; the entry fee in the court of quarter sessions was ten shillings (the same as the entry fee of a civil action in the inferior court), and the jurors' fees were six shillings and sixpence.   Prov. Laws, ed. 1771, *pp.* 83, 85, 86, 167.   If the copies comprised ten pages, the appellant, in order to secure a jury trial, was compelled to pay thirty-two shillings and sixpence, or $5.42.   Under our present statutes he is required to pay the justice, for the appeal and three recognizances, sixty-eight cents; for the copies, ten pages, $1.70, and certificate thereon fifteen cents; and the clerk for the entry fee $1.20,—in all, $3.73.   Gen. Laws, *c.* 290, *ss.* 2, 3, 4 ; *Fowler* v. *Tuttle*, 24 N. H. 9, 20.   If the changed value of money be considered (55 N. H. 196), the burden now imposed on the right of trial by jury in such cases is not half as large as it was at the time of the framing and adoption of the constitution.

*Case discharged.*

Doe, C. J., did not sit : the others concurred.