OLD COLONY RAILROAD COMPANY *vs.* ASSESSORS OF BOSTON
(and four companion cases between the same parties).

Suffolk. May 19, 1941. — June 26, 1941.

Present: FIELD, C.J., DONAHUE, DOLAN, & RONAN, JJ.

*Constitutional Law*, Taxation, Due process of law, Equal protection of the law. *Tax*, On real estate: abatement.

Sections 64, 65, and 65B of G. L. (Ter. Ed.) c. 59, as amended, so far as they require payment of all or a part of a real estate tax of more than $1,000 as a condition of seeking an abatement thereof, do not deprive the taxpayer, even though financially unable to make the required payment, of due process of law or deny him the equal protection of the law in violation of the Fourteenth Amendment to the Federal Constitution or of the Declaration of Rights.

APPEALS from decisions by the Appellate Tax Board.

C. R. Branch, (J. B. Reigeluth with him,) for the taxpayer.

R. H. Hopkins, Assistant Corporation Counsel, (N. Moger, Assistant Corporation Counsel, with him,) for the Assessors of Boston.

RONAN, J. The appellant, the owner on January 1, 1939, of five parcels of real estate in Boston, upon which a tax for 1939 amounting to more than $1,000 on each parcel was assessed by the appellees, seasonably filed applications for abatement on each parcel. The appellees did not, within four months, take any action upon the applications and thereupon the appellant duly filed five appeals, each for a separate parcel, with the Appellate Tax Board. The appeals were dismissed for want of jurisdiction because the appellant had failed to pay the whole or one half of the tax on the parcel included in each appeal, as required by G. L. (Ter. Ed.) c. 59, §§ 64, 65, and 65B, as amended by St. 1938, c. 478. The taxpayer appealed to this court.

St. 1938, c. 478, contains four sections, but we are concerned with only three. The first section, which amended G. L. (Ter. Ed.) c. 59, § 64, authorized a person, who was aggrieved by the refusal of the assessors to abate a tax on

personal property which has been paid, or a tax of not more than $1,000 on a parcel of real estate, or a tax of more than $1,000 on a parcel of real estate, which has been paid or on account of which there has been paid a sum not less than the amount that would be assessable upon a valuation equal to the average of the valuations of said parcel, as reduced by reason of abatement, if any, for the three preceding years, to appeal to the county commissioners. The second section of said c. 478 amended G. L. (Ter. Ed.) c. 59, § 65, and authorized such a taxpayer to appeal to the Appellate Tax Board subject to the same conditions governing an appeal to the county commissioners. Section 65B was inserted in G. L. (Ter. Ed.) c. 59, by the third section of said c. 478. By virtue of this section a taxpayer aggrieved, by the refusal of the assessors to abate his tax amounting to more than $1,000 on a parcel of real estate, and who has paid one half of the tax or one half of the amount for which a tax would be assessable on said parcel if based upon a valuation equal to the average valuation for the three preceding years, as reduced by reason of abatement, if any, and who claims to be unable presently to pay the balance of the tax, may petition the Appellate Tax Board for leave to file an appeal. If the allegations of the petition are found to be true, permission may be granted to file an appeal from the refusal of the assessors, upon conditions which may include the payment of the balance of the tax in whole or by instalments as a prerequisite to any hearing upon the merits of the appeal. The petition for appeal may be dismissed upon the failure to comply with any of the conditions imposed in granting leave to file said appeal.

The taxpayer contends that a statute that denies a hearing upon an abatement of a tax assessed upon an overvaluation of a parcel of real estate, and amounting to more than $1,000, unless all or one half of the tax is paid, is violative of the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States and of certain provisions of the Constitution of the Commonwealth.

The Fourteenth Amendment contains no specific limita-

tions upon the power inherent in a State to raise revenue necessary for its maintenance and support, and the Legislature has broad discretion in adjusting its tax legislation to the needs of its people in order to provide for the equitable distribution of the public burden. The tax system thus devised is not to be struck down unless it is shown to be plainly arbitrary and oppressively discriminatory against some particular class of taxpayers. *Bell's Gap Railroad* v. *Pennsylvania*, 134 U. S. 232. *New York Rapid Transit Corp.* v. *New York*, 303 U. S. 573. *Madden* v. *Kentucky*, 309 U. S. 83. *Whitney* v. *State Tax Commission of New York*, 309 U. S. 530.

Our own taxing statutes contain reasonable regulations governing the abatement of taxes that are claimed to be excessive. Applications for abatements must be in writing, on a form approved by the commissioner of corporations and taxation, and be filed within a specified time. Lists of taxable property, verified by oath, may be required of taxpayers and the measure of relief may be made dependent upon the filing of such a list. *Boston Rubber Shoe Co.* v. *Malden*, 216 Mass. 508. *Parsons* v. *Lenox*, 228 Mass. 231. *Central National Bank* v. *Lynn*, 259 Mass. 1. *Assessors of Boston* v. *Suffolk Law School*, 295 Mass. 489. *Old Colony Railroad* v. *Assessors of Quincy*, 305 Mass. 509. *Choate* v. *Assessors of Boston*, 304 Mass. 298. *Glidden* v. *Harrington*, 189 U. S. 255. *Burrill* v. *Locomobile Co.* 258 U. S. 34. Many of these regulations may be generally considered as matters of procedure, but the course prescribed must be followed in order to secure an abatement, and the failure to comply with these various procedural steps may be sufficient to bar relief. *Harrington* v. *Glidden*, 179 Mass. 486. *Amherst College* v. *Assessors of Amherst*, 193 Mass. 168. *Sears* v. *Nahant*, 221 Mass. 437. *Sullivan* v. *Ashfield*, 227 Mass. 24. *Central National Bank* v. *Lynn*, 259 Mass. 1. *Commonwealth Investment Co.* v. *Brookline*, 268 Mass. 32.

The appellant contends that the assessors are not required to grant a hearing upon an application for an abatement, that an appeal cannot be filed with either the county commissioners or the Appellate Tax Board unless it paid

the tax, or at least one half of it, and that it is financially unable to make such payment. It therefore contends that it is precluded from a hearing or obtaining a decision on the question whether its property has been overvalued, and is deprived of its property without due process of law.

The failure of a board of assessors to act upon an application within four months after its filing may be considered as a refusal to abate the tax, and the proceedings then become ripe for an appeal to either the county commissioners or the Appellate Tax Board. G. L. (Ter. Ed.) c. 59, §§ 64, 65, as amended. While there is nothing contained in the statutes that in any way intimates that the assessors are under no obligation to grant a hearing, *Harrington* v. *Glidden*, 179 Mass. 486, 495; *Taber Mill* v. *Assessors of New Bedford*, 261 Mass. 432; *Eastern Racing Association, Inc.* v. *Assessors of Revere*, 300 Mass. 578, 581, yet we assume, but without in any way deciding, that the appellant was unable to secure a hearing before the board of assessors, as the conclusion which we reach in this case is unaffected by this assumption.

A taxpayer who contends that his property has been overvalued is entitled to a fair opportunity to be fully heard, upon the value of the property subject to the tax, by the board that made the assessment or by some other administrative agency having power to fix the value, before the amount of the tax can be irrevocably fixed. *Commissioner of Corporations & Taxation* v. *J. G. McCrory Co.* 280 Mass. 273, 277. *Napier'* v. *Springfield*, 304 Mass. 174. *Hagar* v. *Reclamation District No. 108*, 111 U. S. 701. *Pittsburgh, Cincinnati, Chicago & St. Louis Railway* v. *Backus*, 154 U. S. 421. *McGregor* v. *Hogan*, 263 U. S. 234. *American Surety Co.* v. *Baldwin*, 287 U. S. 156, 168. *Nickey* v. *Mississippi*, 292 U. S. 393, 396. Such an administrative system has long been established by our statutes, and it is the exclusive remedy which must be invoked by all taxpayers seeking an abatement of taxes. *Sears* v. *Nahant*, 208 Mass. 208. *Sullivan* v. *Ashfield*, 227 Mass. 24. *Wynn* v. *Assessors of Boston*, 281 Mass. 245. *Amory* v. *Assessors of Boston*, 306 Mass. 354.

The issue presented is whether the Commonwealth can condition recourse to this remedy upon the payment of the tax. The answer is to be found in observing, in a practical way, the relation between the necessity of the State for revenue and the obligation of the citizen to bear his share of the expense of his government. The prompt payment of taxes is necessary for the orderly functioning of government, *Salisbury Beach Associates* v. *Assessors of Salisbury,* 225 Mass. 399; *Napier* v. *Springfield,* 304 Mass. 174, and a citizen, contending his assessment is excessive, has no right superior to the demand for payment to withhold the entire tax until he can secure an adjudication of the amount due. *Cheatham* v. *United States,* 92 U. S. 85, 89. *Tennessee* v. *Sneed,* 96 U. S. 69, 75. *Springer* v. *United States,* 102 U. S. 586, 594. *Phillips* v. *Commissioner of Internal Revenue,* 283 U. S. 589.

In those jurisdictions where a statutory provision permits the issuance of an injunction to restrain the collection of taxes, it is usual to deny an injunction unless the amount plainly due is paid, and even where there is no such statute the same result has been reached. *State Railroad Tax Cases,* 92 U. S. 575. *Cummings* v. *National Bank,* 101 U. S. 153. *Springer* v. *United States,* 102 U. S. 586. *National Bank* v. *Kimball,* 103 U. S. 732. *People's National Bank* v. *Marye,* 191 U. S. 272. *Central Kentucky Natural Gas Co.* v. *Railroad Commission of Kentucky,* 290 U. S. 264. *Grimmell* v. *Des Moines,* 57 Iowa, 144. *Birmingham* v. *Oakland County Supervisors,* 276 Mich. 1. *Montana Ore Purchasing Co.* v. *Maher,* 32 Mont. 480.

The disruption of the tax system that would be occasioned by the refusal of a taxpayer to pay the tax until he could secure a final judgment on the amount of his liability may be avoided, and the fundamental right of the citizen safeguarded, by providing for the payment of the tax and an appropriate remedy for an abatement of that portion subsequently found to be excessive. Statutes in various States have so provided and made payment of the tax a condition precedent to seeking relief from an excessive tax. *Tennessee* v. *Sneed,* 96 U. S. 69. *Smallwood* v. *Gallardo,* 275 U. S.

56.   *Matthews* v. *Rodgers,* 284 U. S. 521.   *Powell* v. *Gleason,* 50 Ariz. 542.   *Eddy* v. *Lee,* 73 Mich. 123.   *Exchange Oil Co.* v. *State,* 80 Okla. 52.   *Fleming* v. *Power,* 77 S. C. 528.   *Zimmerman* v. *Corson County,* 39 S. D. 167.   *Fort* v. *Dixie Oil Co.* 170 Tenn. 183.   *Richford Savings Bank & Trust Co.* v. *Thomas,* 111 Vt. 393.   *Wisconsin Real Estate Co.* v. *Milwaukee,* 151 Wis. 198. ` *Casco Co.* v. *Thurston County,* 163 Wash. 666.   *Ballard* v. *Wooster,* 182 Wash. 408.   Compare *Bennett* v. *Davis,* 90 Maine, 102; *Weller* v. *St. Paul,* 5 Minn. 95.

It was said in *Cheatham* v. *United States,* 92 U. S. 85, at page 89, in speaking of the necessity of the taxpayer's complying with conditions precedent to recover an illegal tax paid to the United States, that "If the compliance with this condition requires the party aggrieved to pay the money, he must do it."   A taxpayer's contention that he was deprived of due process of law where his only remedy was to appeal to the commissioner of internal revenue after the payment of the tax was held to be entirely lacking in merit in *Dodge* v. *Osborn,* 240 U. S. 118, 122.   It is apparent that the same conclusion would have been reached in these two cases if the taxing enactments were not acts of Congress but State statutes, because the limitations imposed by the Fifth Amendment to the Federal Constitution upon an act of Congress are the same as those placed upon a State statute by the Fourteenth Amendment.   *Heiner* v. *Donnan,* 285 U. S. 312, 326.   *Curry* v. *McCanless,* 307 U. S. 357, 369, 370.

The appellant offered to introduce evidence before the Appellate Tax Board tending to show that it was unable to pay the whole or even one half of the tax.   Our taxing statutes have from time to time mollified some of the hardships incident to the imposition and collection of the annual tax, but they contain no provisions barring the collection of a tax upon land if the owner is without funds, or entitling one in proceedings for an abatement to an extension of time for the payment of the tax, other than G. L. (Ter. Ed.) c. 59, § 65B, inserted by St. 1938, c. 478, § 3.

The right to bring proceedings *in forma pauperis* is the

creature of legislation, and in the absence of a statute a citizen cannot, as of right, liquidate *in forma pauperis* the amount of his tax. *Forbes* v. *Thorpe*, 209 Mass. 570. *Gallaway* v. *Fort Worth Bank*, 186 U. S. 177. *Bradford* v. *Southern Railway*, 195 U. S. 243. A statute preventing a nonresident, whose property had been attached upon trustee process, from appearing and defending the action until he gave security to pay the judgment was held not to deprive a defendant of his property without due process of law, even though he had no resources or credit other than the property attached and was unable to furnish the security required. *Ownbey* v. *Morgan*, 256 U. S. 94.

The applications for abatement were filed on November 15, 1939, which was the last day upon which they could be filed. St. 1939, c. 493, § 2. Four months elapsed without the assessors taking any action, and the appellant had ninety days thereafter within which to appeal to the Appellate Tax Board. G. L. (Ter. Ed.) c. 59, § 65, as amended by St. 1938, c. 478, § 2, and most recently by St. 1939, c. 31, § 7. The appellant contends that this was too short a period to enable it to secure sufficient funds to pay all the taxes. It could have paid one half of the tax assessed upon each parcel and then have sought leave from the Appellate Tax Board to file its appeals. This it did not do. In the next place the taxes were due and payable on November 1, 1939, and the taxpayer can hardly complain that seven months was too short a period of grace. Actions within shorter periods of time for the creation or establishment of important rights are not uncommon. *Shea* v. *New York, New Haven & Hartford Railroad*, 173 Mass. 177. *Baird* v. *Baptist Society*, 208 Mass. 29. *International Paper Co.* v. *Commonwealth*, 232 Mass. 7. *Bruns* v. *Jordan Marsh Co.* 305 Mass. 437. Moreover, the imposition of an annual tax is a certainty, and the appellant had ample time to prepare for its payment on the due date. It could not have been taken by surprise, at least on that portion of the tax that was not excessive. *Collector of Taxes of Boston* v. *Revere Building, Inc.* 276 Mass. 576, 578. *Collector of Taxes of Milton* v. *Boston*, 278 Mass. 274, 278.

Taxation is a practical matter, and mathematical uniformity in the distribution of the public burden arising from governmental expenses is an impossible attainment. The difference in income derived by the owners from different parcels of realty of substantially the same market value might be due to imprudent management, irresponsible tenants or disadvantageous leases. The tax to the owner receiving the smaller income is undoubtedly a heavier burden than it is to a neighbor who obtains a greater income. Such inequality arises from business and economic conditions. It cannot be attributed to the taxing statute. *Donovan* v. *Haverhill,* 247 Mass. 69. *Sanchez Morales & Co. Inc.* v. *Gallardo,* 18 Fed. (2d) 550, 552.

We conclude that the statute requiring the payment of a tax before a hearing can be secured upon an alleged overvaluation of the property subject to the tax is not violative of the due process clause of the Fourteenth Amendment.

It being within the competency of the Legislature to require payment of the tax before the taxpayer can obtain a hearing on an abatement, the appellant next contends that the operation of such a statute is contrary to the equal protection clause of the Fourteenth Amendment of the Constitution of the United States, and to Part I, art. 11 of our Constitution, guaranteeing equal justice, freely, without delay and in conformity to the laws to the people of the Commonwealth.

A classification by a Legislature of property and persons for the purpose of taxation is not violative of this clause of the Fourteenth Amendment so long as any basis of fact can be reasonably conceived showing that the distinction upon which it rests has a fair and rational relation to the object sought to be accomplished by the enactment, and so long as, the classification being valid, the State deals equally with all the members of the same class. *Bell's Gap Railroad* v. *Pennsylvania,* 134 U. S. 232. *Southwestern Oil Co.* v. *Texas,* 217 U. S. 114. *Citizens' Telephone Co. of Grand Rapids* v. *Fuller,* 229 U. S. 322. *White River Lumber Co.* v. *Arkansas,* 279 U. S. 692. *Lawrence* v. *State Tax*

*Commission of Mississippi,* 286 U. S. 276. *Welch* v. *Henry,* 305 U. S. 134.

The Legislature might have found that the appeals taken by those whose tax on a single parcel did not exceed $1,000 were so few that the failure to require the payment of the tax would not substantially interfere with the collection of taxes, or that the public welfare would be enhanced if this condition of payment was not imposed upon taxpayers in this group, who would ordinarily incur counsel and expert fees in seeking abatements that were comparatively small in amount. The exemption of such taxpayers from the obligation of all other taxpayers to pay before they can be heard furnishes no just ground of complaint to the appellant. *Howes Brothers Co.* v. *Unemployment Compensation Commission,* 296 Mass. 275. *Carmichael* v. *Southern Coal & Coke Co.* 301 U. S. 495. *Rode* v. *Siebe,* 119 Cal. 518. *Board of Education of Louisville* v. *Sea,* 167 Ky. 772. *Keator* v. *Lackawanna County,* 292 Penn. St. 269. And if the classification was otherwise valid, it did not become unreasonable and arbitrary by fixing the division line at $1,000. That amount, in this connection, might be found to signify more than a mere figure. Those paying taxes in less than this amount comprised all the small taxpayers of the Commonwealth, including many who had no taxable realty other than their homes. The social and economic condition of such taxpayers may be different from that of those whose realty holdings represent large investments. The latter may be better able and better equipped to attack the assessment than the average homeowner, inexperienced in matters pertaining to the assessment and collection of taxes. Distinctions somewhat similar have been held sufficient to authorize the imposition of costs and fees upon a single class of litigants. *Ahmed's Case,* 278 Mass. 180. *Dohany* v. *Rogers,* 281 U. S. 362. *Life & Casualty Ins. Co.* v. *McCray,* 291 U. S. 566.

The Legislature, in selecting the classes, had to locate the dividing line. Whether it would have been wiser and more expedient to have drawn that line either above or below the $1,000 limit is not for us to decide. *Howes Broth-*

*ers Co.* v. *Unemployment Compensation Commission,* 296 Mass. 275, 287. *Nebbia* v. *New York,* 291 U. S. 502, 520, 521. We cannot change the line. Neither can we erase it in the absence of a showing that its location was an abuse of legislative discretion, unsupported by reason, and plainly arbitrary or that, lacking any reasonable basis, it was intended as hostile discrimination against a particular class. *Ward & Gow* v. *Krinsky,* 259 U. S. 503. *Louisville Gas & Electric Co.* v. *Coleman,* 277 U. S. 32, 42. *Klein* v. *Board of Tax Supervisors of Jefferson County,* 282 U. S. 19. *Columbus & Greenville Railway* v. *Miller,* 283 U. S. 96.

Size need not be disregarded when it furnishes a fair index to a situation adversely affecting the public interest. Sometimes it may be the smallness of the transactions, like those conducted by the small loans business or by some private bankers, *Modern Finance Co.* v. *Holz,* 307 Mass. 281; *Engel* v. *O'Malley,* 219 U. S. 128, or sometimes the immensity of the transactions like the extensive operations of chain store organizations. *Tax Commissioners of Indiana* v. *Jackson,* 283 U. S. 527. *Great Atlantic & Pacific Tea Co.* v. *Grosjean,* 301 U. S. 412. The importance of the payment of a tax to the city may to some degree depend upon its amount, and the difference to the public treasury between the failure of a large taxpayer and that of a small one to pay his taxes may not be illusory.

A large taxpayer may have a greater incentive to appeal than a smaller one. The results of a successful appeal would be larger to the former than to the latter. The refusal of a comparatively few large taxpayers to pay their taxes might be much more detrimental to the collection of taxes than a similar refusal of numerous taxpayers whose aggregate taxes were less than those of this small number of large taxpayers. Perhaps it might be said that a collecting department that has to depend upon the willingness and ability of a few large debtors to pay their debts is not so strong or stable as one where the total indebtedness to the department is owed by many persons, each owing practically the same amount of indebtedness. An analogous principle underlies the diversification of trust investments

and the limitations placed upon the extent and kind of property in which deposits in savings banks may be invested. The Legislature might have found that conditioning the hearing upon the payment of the tax would facilitate its collection. The enactment of a measure designed to secure the prompt collection of taxes by such a method would be within the power of the Legislature.

It is true, as the appellant points out, that the pendency of an appeal does not stay the collection of a tax, and it accordingly urges that the statute, requiring payment before granting a hearing, could not have been intended to facilitate the collection of taxes. The argument entirely loses sight of the fact that it is more important for the city to have the tax paid in cash than to bid the property in at a tax sale and hold it as security for the payment of the tax and the taxes for subsequent years until the right of redemption is foreclosed by a decree of the Land Court. In other words, the Legislature was not wrong if it considered the receipt of the actual cash of more practical value to the city than its mere right to enforce payment of the tax.

We do not know on what legislative findings the statute requiring payment was based. The record does not negative the existence of any of the possible findings that have been mentioned. One who challenges the validity of a statute, on the ground that the legislative classification deprives him of equal protection of the law, has the burden of showing that there is no conceivable basis to support such a classification. This the appellant has failed to do. *Lowell Co-operative Bank* v. *Co-operative Central Bank*, 287 Mass. 338, 343. *Howes Brothers Co.* v. *Unemployment Compensation Commission*, 296 Mass. 275, 284. *Lindsley* v. *Natural Carbonic Gas Co.* 220 U. S. 61. *Madden* v. *Kentucky*, 309 U. S. 83.

The appellant had the right to a hearing on its contention of overvaluation, upon the same conditions that governed the exercise of a similar right by everyone in the same class to which it belonged. It was entitled to nothing more.

Our Constitution, Part I, art. 11, guarantees to the people of the Commonwealth equal justice, freely, without being

obliged to purchase it; without delay and in conformity to the laws. This guaranty of equal protection "implies that all litigants similarly situated may appeal to the courts both for relief and for defence under like conditions and with like protection and without discrimination." *Arizona Commercial Mining Co.* v. *Iron Cap Copper Co.* 236 Mass. 185, 194. *Ashley* v. *Three Justices of the Superior Court,* 228 Mass. 63, 78. *Universal Adjustment Corp.* v. *Midland Bank, Ltd. of London,* 281 Mass. 303, 320. The general principles already discussed in demonstrating that the statute did not deprive the appellant of equal protection of the law under the Fourteenth Amendment are applicable to show that the enactment is not violative of art. 11. They need not be repeated. Restricting the right to litigate until the tax has been paid by the appellant does not offend our Constitution. *Commonwealth* v. *Libbey,* 216 Mass. 356, 358. *Commonwealth* v. *Titcomb,* 229 Mass. 14, 18. *Commissioner of Corporations & Taxation* v. *Coöperative League of America,* 246 Mass. 235, 239. *Howes Brothers Co.* v. *Unemployment Compensation Commission,* 296 Mass. 275, 287. *Slome* v. *Chief of Police of Fitchburg,* 304 Mass. 187. *Commonwealth* v. *Ferris,* 305 Mass. 233.

*Petitions for abatement dismissed with costs.*