Per Curiam.

The appellant contends that the bond requirement contained in Section 5728.10, Revised Code, is in *164 conflict with the dne process clauses of both the state and federal Constitutions.
Section 5728.10, Revised Code, provides in part that “unless the person, to whom said notice of assessment is directed, within 30 days after service thereof * * * files a petition * * * setting forth * * * the items of said assessment objected to * * * and posts bond satisfactory to the commissioner conditioned upon payment of the tax finally determined to be due, said assessment shall become and be deemed conclusive and the amount thereof shall be due and payable.” Appellant’s representative testified that he did not, at any time, post or attempt to post the required bond.
The opinion in the case of Bull, Exr., v. United States, 295 U. S., 247, states, at page 259:
“The statute might remit the Government to an action at law wherein the taxpayer could offer such defense as he had. * * * But * * * the sovereign has resorted to more drastic means of collection. The assessment is given the force of a judgment, and if the amount assessed is not paid when due, administrative officials may seize the debtor’s property to satisfy the debt.
“* * * Often an administrative hearing is afforded before the assessment becomes final; or administrative machinery is provided whereby an erroneous collection may be refunded * * *. Thus the usual procedure for the recovery of debts is reversed in the field of taxation. Payment precedes defense, and the burden of proof, normally on the claimant, is shifted to the taxpayer. * * * The ordinary defendant stands in judgment only after a hearing. The taxpayer often is afforded his hearing after judgment and after payment, and his only redress for unjust administrative action is the right to claim restitution.”
Since a statute providing for the payment of a tax as a condition precedent to testing its correctness and validity does not violate the due process provision of the Constitution (Old Colony Rd. Co. v. Assessors of Boston, 309 Mass., 439, 35 N. E. [2d], 246; Exchange Oil Co. v. State, 80 Okla., 52, 55, 193 P., 999; 1 Cooley on Taxation [4 Ed.], 335), clearly, a statute requiring the furnishing of a bond to assure the payment of the amount ultimately found to be due, as a condition precedent to *165 contesting the assessment, is not violative of the dne process clauses of the state and federal Constitutions.
Section 5728.10, Revised Code, is valid. The decision of the Board of Tax Appeals is affirmed.

Decision affirmed.

Taet, C. J., Zimmerman, Jones, 0 ’Neill, Griffith, Herbert and Gibson, JJ., concur.
Jones, J., of the Seventh Appellate District, sitting by designation in the place and stead of Matthias, J.