Hillsborough
No. 7585

STATE OF NEW HAMPSHIRE

v.

LLOYD G. BASINOW

February 28, 1977

*David H. Souter*, attorney general, and *Richard B. McNamara*, attorney (*Mr. McNamara* orally) for the state.

Lloyd G. Basinow, pro se.

KENISON, C.J.    The Manchester District Court (*Capistran,* J.) found the defendant guilty of a parking violation and fined him ten dollars. The defendant appealed to the Hillsborough County Superior Court but refused to pay the eight-dollar filing fee as required by Superior Court Rule 86 (RSA 491:App. R.86 (Supp. 1975)) and RSA 499:18 (Supp. 1975) on the ground that the fee violates article 14 of part I of the New Hampshire Constitution. The defendant is not and does not claim to be an indigent. *Perkins,* J., reserved and transferred questions of law to this court that raise the basic issue of whether superior court filing fees for non-indigents are unconstitutional.

Article 14 of part I of the New Hampshire Constitution states:

> Legal Remedies to be Free, Complete, and Prompt. Every subject of this state is entitled to a certain remedy, by having recourse to the laws, for all injuries he may receive in his person, property, or character; to obtain right and justice freely, without being obliged to purchase it; completely, and without any denial; promptly, and without delay; conformably to the laws.

The defendant contends that the eight-dollar filing fee requires him to purchase justice and that his remedy—the chance to have his parking violation reversed—is not free.

Over thirty state constitutions contain provisions similar or identical to article 14. Comment, *Article I, Section 19 of the Maine Constitution: The Forgotten Mandate,* 21 Me. L.R. 83, 83 n.1 (1969). The section has its origin in the Magna Carta. J. Colby, Manual of the Constitution of the State of New Hampshire 96 (1902). Although historical research has disclosed no fixed meaning for the provision as a whole, the section is basically an equal protection clause in that it " 'implies that all litigants similarly situated may appeal to the courts both for relief and for defense under like conditions and with like protection and without discrimination.' " *Old Colony R.R. Co. v. Assessors,* 309 Mass. 439, 450, 35 N.E.2d 246, 253 (1941).

The few cases that have considered whether the clause "to obtain right and justice freely, without being obliged to purchase it" bars appellate filing fees have answered in the negative. In Perce v. Hallett, 13 R.I. 363 (1881), the plaintiff refused to pay an

entry fee on the ground that to enact a fee is to sell justice. The court rejected his contention noting that the Rhode Island counterpart to article 14 of our constitution "was designed to abolish, not fixed fees, prescribed for the purpose of revenue, but the fines which were anciently paid to expedite or delay law proceeding and procure favor." *Id.* at 364.

The Supreme Court of North Dakota sustained probate court fees against the same challenge stating that the constitutional provision "has generally been construed not to prohibit the imposition of reasonable court costs, and was aimed rather against the selling of justice by magistrates themselves, — that is to say, bribery, — than the imposition of reasonable fees." *Malin v. LaMoure County,* 27 N.D. 140, 152, 145 N.W. 582, 586 (1914). The same historical explanation was echoed in considerable detail in *Harbison v. George,* 228 Ky. 168, 14 S.W.2d 405 (1929). *See Square D. Co. v. O'Neal,* 225 Ind. 49, 72 N.E.2d 654 (1947).

■ The eight-dollar filing fee is moderate in amount and entirely insufficient to reimburse the state for the cost of the superior court's operations. *Perce v. Hallett,* 13 R.I. at 365. The fee in no way resembles the arbitrary exactions paid to corrupt officials in ancient England and does not cause the mischief that article 14 of our constitution was designed to prevent. We have sustained similar fees against other constitutional attacks, *Dodge v. Stickney,* 61 N.H. 607 (1882), and hold that the filing costs in this case are not unconstitutional. *See State v. Griffin,* 66 N.H. 326, 29 A. 414 (1890).

*So ordered.*

All concurred.