Rockingham
No. 78-249

THE STATE OF NEW HAMPSHIRE

v.

ROBERT R. CUSHING, JR. & a.

March 7, 1979

*Thomas D. Rath,* attorney general (*Peter W. Heed,* assistant attorney general, orally), for the State.

*Robert R. Cushing, Jr.,* of Seabrook, by brief and orally, pro se.

DOUGLAS, J.   This case concerns the constitutionality of Superior Court Rule 86, which requires the payment of an eight dollar fee to the superior court before a misdemeanor appeal from a district or municipal court may be tried by a jury under our de novo two-tier system. RSA 502-A:11; RSA ch. 599. Defendants were convicted in the Hampton District Court of criminal trespass and sentenced to confinement. They appealed to superior court, requesting trial by a jury of their peers, and filed an application seeking waiver of the eight dollar fee required in appeals from nonjury courts. Super. Ct. Rule 94, RSA 491: App. R. 94 (Cum. Supp. 1978) and RSA 499:18 (Supp. 1977). The application was denied and defendants claim that the rule is unconstitutional on its face. This question of law was transferred without ruling by *Mullavey,* J.

In *State v. Basinow,* 117 N.H. 176, 321 A.2d 458 (1977), we upheld the eight dollar fee against constitutional challenge in an appeal that concerned a noncriminal motor vehicle violation. That case did not

involve a trial by jury. We now must decide whether the fee is permitted in the context of a criminal case in which the defendant is entitled to a jury trial.

The New Hampshire Constitution guarantees the right to a trial by jury. N.H. CONST. pt. I, art. 15. "It has never been denied or doubted that by this article trial by jury . . . is secured to the defendant in all criminal cases without exception." *State v. Gerry*, 68 N.H. 495, 496, 38 A. 272, 272 (1896). Part I, article 14 of the New Hampshire Constitution guarantees that citizens must "obtain right and justice freely, without being obliged to purchase it." The right to a jury trial for a criminal defendant is fundamental to our system of criminal justice. *But see* RSA 625:9 II(b).

The Supreme Court of the United States, when confronted with a conflict between the fundamental right to vote and a State's asserted interest in collecting a poll tax, struck down the tax as a violation of equal protection, concluding that "we say the same whether the citizen, otherwise qualified to vote, has $1.50 in his pocket or nothing at all, pays the fee or fails to pay it." *Harper v. Virginia Board of Elections*, 383 U.S. 663, 668 (1966). Similarly, we conclude that a criminal defendant cannot be required to purchase a jury trial—even for so nominal a sum as eight dollars. This conclusion is consistent with the fact that persons accused of misdemeanors begun by information in superior court as well as all felons are entitled to a trial by jury and are not required to pay a fee. The fee requirements of Superior Court Rule 86 are void by virtue of N.H. Const. pt. I, arts. 14 and 15 only insofar as they relate to jury trials for criminal cases. *See* RSA 625:9 II and *State v. Basinow, supra.*

Except for these defendants or any pending appeals where the fee has not yet been paid, this opinion will not be given retroactive effect. *See Smith v. State*, 118 N.H. 764, 394 A.2d 834 (1978).

*Remanded for trial.*

BOIS, J., did not sit; the others concurred.