Original
No. 79-140

THE STATE OF NEW HAMPSHIRE

v.

DEBORAH GIVNER

October 24, 1979

*Thomas D. Rath*, attorney general (*Peter W. Mosseau*, attorney, orally), for the State.

*Deborah Givner*, of Somerville, Massachusetts, pro se.

PER CURIAM. The question presented in this petition for a writ of habeas corpus is whether the petitioner's appeal to the superior court from a criminal trespass conviction which was remanded to the

district court because of her refusal to pay the eight-dollar filing fee should be reinstated because of our subsequent decision in *State v. Cushing*, 119 N.H. 147, 399 A.2d 297 (1979), declaring the fee unconstitutional. We hold that the appeal should be reinstated.

This petition is brought by Deborah Givner, pro se, who was convicted of criminal trespass in the Hampton District Court in November 1978. She gave notice of appeal and received a letter from the superior court informing her of the eight-dollar entry fee and of a December 22, 1978, deadline. About December 15, 1978, defendant wrote the superior court stating her belief that the fee was unconstitutional and refused to pay it and demanded a jury trial. On March 7, 1979, this court declared the filing fee unconstitutional in *State v. Cushing*, 119 N.H. 147, 399 A.2d 297 (1979). On or about March 8, 1979, the district court notified her that her case had been remanded there and that she was to report to jail on April 30, 1979, under the district court sentence. After unsuccessfully seeking reinstatement of her appeal, the plaintiff filed this petition for a writ of habeas corpus.

The State first argues that because the plaintiff is not now incarcerated, we should not consider her petition. We reject this contention. The old theory that actual incarceration is necessary in habeas corpus has given way to a more realistic view of custody. *See Hensley v. Municipal Court*, 411 U.S. 345 (1973). The plaintiff has been sentenced and has obtained only a temporary stay for the purpose of allowing her to exhaust her legal remedies. She remains under the obligation to report for incarceration when called. This is sufficient custody for the purpose of this case.

In *State v. Cushing*, 119 N.H. 147, 399 A.2d 297 (1979), this court decided that requiring an eight-dollar filing fee as a condition to appealing to the superior court to obtain a trial by jury was unconstitutional. It was decided that "[e]xcept for these defendants or any pending appeals where the fee has not yet been paid, this opinion will not be given retroactive effect." 119 N.H. at 148, 399 A.2d at 298. The State argues that because the plaintiff's appeal was not pending at the time *Cushing* was decided, she does not come within its ambit. *Cushing* was decided on March 7, 1979. Plaintiff took her appeal in November 1978. She informed the superior court that she refused to pay the eight-dollar fee on the ground that it was unconstitutional. Although the deadline for paying the fee was December 22, notice that her case had been remanded to the district court was not sent until March 8, 1979, after *Cushing* was decided.

Until that time she had no opportunity to appeal or otherwise challenge the remand, and because the remand was due solely to her refusal to pay the unconstitutional fee, we regard her appeal as pending for the purpose of the *Cushing* rule. We therefore hold that her appeal should be reinstated.

*Petition granted; appeal reinstated.*